## Staunton.

### FRY v. THE COMMONWEALTH.

#### SEPTEMBER 16th, 1886.

1. CRIMINAL PROCEEDINGS—*Felony cases—Juries.*—*Hall's Case*, 80 Va.
   555; *Richards, Fauver and Fry's Cases*, 81 Va. 110; *Honesty's Case*,
   81 Va. 283, and *Cluverius' Case*, 81 Va. 787, approved as to mode of
   selecting juries.
2. IDEM—*Cross-examination of prosecutrix—Previous unchaste character.*
   It is not allowable on cross-examination to ask prosecutrix at the
   trial of an indictment for rape if she had not been before a person
   of unchaste character.
3. IDEM—*Jury—Verdict—Amendment.*—At trial of an indictment for a
   felony it is proper to allow the jury to retire and amend their verdict.
4. IDEM—*Record.*—Whether the record says: "The same jury,
   adjourned over on yesterday, came into court," &c., or "The same
   jury *sworn in this case* and adjourned over yesterday, came into
   court," &c., it is immaterial.
5. IDEM—*Case at bar.*—Here the evidence clearly warrants the jury in
   finding the prisoner guilty of the felony wherewith he is charged
   in the indictment.

Error to judgment of circuit court of Greene county affirm-
ing the judgment of the county court of said county, rendered
at its August term, 1885, sentencing to hard labor in the peni-
tentiary, for the term of eighteen years, one Joseph Fry,
whom the jury had found guilty on an indictment for rape,
and whose term of imprisonment they fixed at that period.
From this judgment a writ of error and *supersedeas* was granted
the prisoner by one of the judges of this court.

Opinion states the case.

*Davis & Harman,* and *Stephen & Thomas,* for the plaintiff in error.

*R. A. Ayers, Attorney-General,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

The plaintiff in error was convicted of the crime of rape in the county court of Greene county, at the August term of the said court, 1885. He obtained a writ of error to the circuit court of said county, where the said judgment was affirmed. Whereupon he obtained a writ of error here.

The first exception was as to the *venire facias,* and his first assignment of error here is, that the county court obtained a panel of sixteen free from exception, when twenty-four had been summoned as such panel, and that he was allowed a peremptory challenge as to only four, the remaining twelve being sworn as the jury to try the case.

This was not erroneous for reasons set forth in the opinions in the cases in this court of *Hall* v. *The Commonwealth,* 80 Va. 555; *Richards, Fry and Fauver* v. *The Commonwealth,* 81 Va. 110; *Honesty* v. *The Commonwealth,* 81 Va. 283; and *Cluverius* v. *The Commonwealth,* 81 Va. 787; in which cases the action complained of in this case was approved by this court. The jury was made up in the mode prescribed by the statute. Acts 1877–78, ch. 17, sections three and four.

The second assignment is that the grand jury was not qualified according to law. There was neither plea nor exception to the qualification of any juror in the court below, nor is any objection urged here as to any. The record shows that the grand jury was duly selected, sworn and charged, and upon their oaths found the indictment. There is no error in the record on this assignment of which the plaintiff in error can complain here.

The third is as to the oath administered to the jury sworn to try the case. - The oath appears to be in the usual form, and as to that there was no exception in the court below, and the said assignment must be overruled.

The fourth exception is as to the refusal of the court to allow the injured female to be asked if she had not been before a person of unchaste character. This question was properly excluded. The plaintiff would not have had the right to assault and ravish the said prosecutrix if such had been the case; and if it had been so, the plaintiff in error could have proved, if able to do so, by others, which he attempted to do.

The fifth assignment of error is that the jury were allowed to retire and amend their verdict; which was entirely correct, and not erroneous.

The sixth assignment of error is that the record does not show that the same jury found the verdict, which were sworn in the case. The record shows that "the same jury adjourned over on yesterday came into court," &c. The objection is that the record does not contain in addition the words "sworn in this case," repeated each day. This objection is trivial; the one is equal to the other.

The seventh assignment is as to the refusal of the court to set aside the verdict and grant a new trial, on the ground that the verdict was not supported by the evidence.

The *evidence*, which is certified, shows that the plaintiff in error crept into the bed of his twelve or thirteen year old daughter some time during the night, while she was sleeping, and waked her up and had carnal intercourse with her by force and against her will, and told her if she told on him he would kill her. The next night he whipped her, and repeated the felonious assault. Each time the girl made complaint in the morning to her aunt; and on the third night, her unnatural father ordered her to get into his bed, when she went out.

of the house on a pretext and fled, and was sheltered by her aunt. The evidence shows that she was severely, indeed shockingly, injured by these assaults. Her condition, as described by the evidence, was pitiable in the extreme, utterly excluding all reasonable presumption of consent, and establishing the forcible character of the assault.

It is not pretended in any manner by the plaintiff in error that he did not commit the assault, but his defence seems to be that his daughter had allowed a boy at play to take undue liberties with her person by putting his hand under her clothes.

The verdict was justified by the evidence, and the circuit court did not err in affirming the judgment of the county court rendered therein, and in refusing to set aside the verdict; which judgment was not erroneous, and must be affirmed.

JUDGMENT AFFIRMED.