# Richmond

HERBERT J. WYNNE v. COMMONWEALTH OF VIRGINIA.

October 10, 1975.

Record No. 740771.

Present, All the Justices.

*Ronald P. Hammers*, for plaintiff in error.

*Alan Katz, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

*Thomas B. Shuttleworth (Clark, Steinhilber, Hofheimer & Stant*, on brief), for National Organization for Women, *amicus curiae*.

HARMAN, J., delivered the opinion of the court.

Herbert J. Wynne (Wynne or defendant) was convicted by a jury of the forcible rape of the 18 year-old prosecutrix and his punishment was fixed at five years imprisonment. We awarded a writ of error to the trial court's order sentencing Wynne in accordance with the jury's verdict.

The sufficiency of the evidence to convict the defendant is not in question. The defendant testified that he engaged in consensual sexual intercourse with the prosecutrix on the date charged and on four

previous occasions. Upon cross-examination, the prosecutrix admitted that she and Wynne had engaged in a single act of consensual sexual intercourse approximately two years before the occasion on which she was forcibly raped by him.

In presenting his evidence, the defendant proposed to call four young men who would testify that each of them, on one or more occasions, had engaged in consensual sexual relations with the prosecutrix. The trial court ruled this evidence inadmissible. However, the witnesses were called and each testified that he had dated the prosecutrix and that she bore an unchaste reputation in the community.

The narrow question here is whether the trial court erred in excluding testimony of specific acts of sexual intercourse between the prosecutrix and these witnesses.

Conceding that it is the minority view, the defendant argues that we should adopt the rule for rape cases that specific acts of sexual intercourse between the prosecutrix and men other than the defendant are admissible to show the probability of consent on her part. The National Organization for Women, appearing *amicus curiae*, urges that we should neither allow evidence of specific acts of prior sexual misconduct nor evidence of the previous general reputation of the prosecutrix for unchastity. Any such evidence, *amicus* argues, is irrelevant for the purpose of establishing consent as a defense to the charge of rape.

Virginia has long followed the generally accepted rule that where consent is advanced as a defense to a charge of rape, the previous unchaste character of the prosecutrix may be shown by proof of general reputation. *Burnley* v. *Commonwealth*, 208 Va. 356, 363, 158 S.E.2d 108, 113 (1967); *Fry* v. *Commonwealth*, 82 Va. 334, 336 (1886); Annot., 140 A.L.R. 364, 382 (1942). Such evidence is relevant and admissible, within the recognized limits, to show the probability of consent by the prosecutrix. *Bailey* v. *Commonwealth*, 82 Va. 107, 110-111 (1886); *Coles* v. *Peyton*, 389 F.2d 224, 227 (4th Cir. 1968).

On a different but related question of evidence, we have held that although evidence of bad general reputation for truth and veracity may be shown to impeach a witness, specific acts of untruthfulness or bad conduct are not admissible. *Land* v. *Commonwealth*, 211 Va. 223, 225, 176 S.E.2d 586, 588 (1970). The reason underpinning this rule is that the admission of evidence of specific acts, and the rebuttal evidence which would follow, injects collateral issues into

the case which would divert the jury's attention from the real issue, the guilt or innocence of the accused. *Fenner* v. *Commonwealth*, 152 Va. 1014, 1028, 148 S.E. 821, 825 (1929).

We think the same reason applies with equal, if not greater, force to the admission in rape cases of evidence of specific acts of sexual intercourse by the prosecutrix with men other than the accused. We hold, therefore, that the trial court did not err in ruling such evidence inadmissible.

*Affirmed.*