THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WESLEY HOUSTON *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 62829

Opinion filed November 4, 1976.

Mogul & Mogul, of Chicago (Edward Mogul and Robert Badesch, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Randolph T. Kemmer, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendants, John and Gerri Houston, were indicted for pandering. After separate trials without a jury, both defendants were found guilty. John Houston was placed on probation for two years, the first 30 days to be served in jail. Gerri Houston was placed on probation for one year, the first 21 days to be served in jail, the time considered served. On appeal defendants contend that the penalty provisions of the pandering statute violate the 1970 Illinois Constitution; that the pandering statute unconstitutionally discriminates on the basis of sex; and that the defendants were not proved guilty of pandering beyond a reasonable doubt. The facts are uncontroverted.

At approximately 2:30 a.m. on September 28, 1973, Officer Nancy Stokilo of the Chicago Police Department was walking east on Walton Street in the city. As a member of the vice control unit, she was wearing civilian clothes. Defendants, who were driving on Walton Street, stopped and engaged Officer Stokilo in conversation. Gerri Houston suggested that they all go to a nearby restaurant and the officer assented. Gerri Houston ushered her into the restaurant while John parked the automobile.

Officer Stokilo said her name was Starlet Boyd. Gerri Houston told her, "You need someone to take care of you. If you are picked up, it will be $500.00 and you need to work out of a hotel." John Houston then joined the women and asked the officer if she wanted to work for them. In response to her inquiry concerning the type of work, he specifically mentioned various sexual acts she would perform for money. He stated that he could arrange for her to make a lot of money working out of a hotel and told her he would book a room at the Essex. He explained that the proceeds would be split 60-40, 60 percent for her and 40 percent for them. He then left to arrange for the hotel room.

Officer Stokilo, followed by Gerri Houston, arose and went outside. The officer gave a prearranged signal and two other officers, stationed nearby, arrested Gerri Houston as she attempted to flee. John Houston was arrested on his way to his automobile.

■■■ We consider first defendants' contention that the State failed to prove them guilty beyond a reasonable doubt.

The pandering statute provides in pertinent part:

"Any person who performs any of the following acts for money commits pandering:

\* \* \*

(2) Arranges or offers to arrange a situation in which a female may practice prostitution. \* \* \*" (Ill. Rev. Stat. 1973, ch. 38, par. 11—16(a)(2).)

Defendants maintain that the wording of the statute requires the State to prove an actual exchange of money between Officer Stokilo and them before a conviction for pandering is proper. We do not agree. Defendants were charged with offering to arrange for the officer to become a prostitute in exchange for a share of the profits to be derived therefrom. In statutory construction, the statute must be construed so as to ascertain and give effect to the intention of the legislature. (*People v. McCoy* (1976), 63 Ill. 2d 40, 344 N.E.2d 436; *People ex rel. Kucharski v. Adams* (1971), 48 Ill. 2d 540, 273 N.E.2d 7.) The Committee Comments to the pandering statute are pertinent and clarify the drafters' intent:

"\* \* \* It may appear overly stringent now to make a mere verbal solicitation a felony \* \* \*. However, \* \* \* the question resolves into one of whether pandering (as used in this section) should focus on the *solicitation* or the *success* of solicitation. Since it is the recruiting and management activity, and not its success which is the evil, the section is aimed at this activity."

(Ill. Ann. Stat., ch. 38, par. 11—16, Committee Comments at 466 (Smith-Hurd 1961).)

In the present case, the proposed venture was unsuccessful. Nevertheless, the solicitation was complete. As such, the arrangement is within the purview of the statute and is conduct the legislature has proscribed. Officer Stokilo testified that defendants offered to set her up as a prostitute and retain a share of the profits. Her testimony specified the percentage to be paid her for the services and the location out of which the business was to be operated. Thus, her uncontroverted testimony was sufficient to establish beyond a reasonable doubt that defendants offered to arrange a situation in which she would practice prostitution and turn over a percentage of her income to them.

Defendants rely primarily on *People v. Sangster* (1970), 128 Ill. App. 2d 305, 261 N.E.2d 738, to support their claim that money must exchange hands in order to constitute a pandering violation. In that case, it was held that defendant's exertion of control over a ten dollar bill given to a prostitute by a policeman was sufficient evidence to establish the statutorily required business relationship between the defendant and the

prostitute. Since neither person would admit to a prostitution related arrangement, the phosphorescent traces on the hands of each after handling the bill were significant to the court in demonstrating an illegal relationship between the pair. In the present case, the officer's uncontradicted testimony proved that defendants offered to establish her in business as a prostitute. Defendants were proved guilty of pandering beyond a reasonable doubt.

We consider next defendants' argument that the pandering statute is sexually discriminatory. They allege the statutory requirement that the individual established as a prostitute be a female is an unreasonable classification based on sex. They contend that this classification renders the statute invalid.

Before this court can consider the constitutionality of the pandering statute, defendants must demonstrate that they possess standing to challenge its validity. As stated in *People v. Bombacino* (1972), 51 Ill. 2d 17, 20, 280 N.E.2d 697, " * * * One who would attack a statute as unconstitutional must bring himself within the class as to whom the law is unconstitutional." Defendants here cannot assert that they are the victims of discrimination based upon their respective sexes. The statute prohibits all from engaging in pandering. Defendants' contention is based upon the sexual classification of prostitutes. One may not assert a claim of discrimination based upon the sex of another person. (*In re Estate of Karas* (1975), 61 Ill. 2d 40, 329 N.E.2d 234.) Since defendants do not fall within the statutory classification which they attack, they are precluded from challenging the statute's validity.

■■ The case of *Daugherty v. Daley* (N.D. Ill. 1974), 370 F. Supp. 338, cited by defendants to support their assertion that they possess standing to attack the constitutionality of the pandering statute, is clearly distinguishable. In *Daugherty* two Illinois statutes were alleged to be sexually discriminatory. One statute proscribed solicitation of any type of beverage by females in taverns; the other prohibited anyone from serving beverages purchased by male patrons to female employees. The court denied standing to the class representing hostesses, entertainers, waitresses, and bartenders who had been prosecuted and discharged under the statutes. Only the tavern owners and the licensees of the premises whose violations could result in license revocations by the city were found by the court to have standing to challenge the statutes. The status of defendants in the present case is comparable to that of the hostesses, entertainers, waitresses, and bartenders in *Daugherty*. Defendants have failed to demonstrate that the allegedly sexually discriminatory classification of prostitutes directly affects them. Accordingly, we need not consider the constitutionality of the pandering statute.

■■ ·Defendants finally attack the validity of the sentencing provisions of the pandering statute. In conformance with the provisions of the Unified Code of Corrections for assigning each offense to a particular classification for sentencing purposes, the legislature designated pandering, whether by compulsion or otherwise, as a Class 4 felony. Such designation abolished the previous distinction which prescribed a more severe penalty for pandering by compulsion than for pandering other than by compulsion. Defendants contend that the failure of the legislature to classify pandering other than by compulsion as a less serious offense than pandering by compulsion constitutes arbitrary and discriminatory sentencing in contravention of article I,˙ section 11 of the Illinois Constitution and the Illinois statute (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—2), requiring· that penalties be commensurate with the seriousness of the offense.

In Illinois the character and extent of the penalties for criminal offenses are legislative matters. (*People v. Smith* (1958), 14 Ill. 2d 95, 150 N.E.2d 815.) In assigning a particular penalty to an offense it is clearly the province of the legislature to decide whether an evil exists and what means are appropriate to prevent it. The acts of the legislature will not be interfered with unless they clearly violate some constitutional limitation. (*People v. Moore* (1973), 15 Ill. App. 3d 691, 304 N.E.2d 696.) It is only where the penalty prescribed by the legislature is so disproportionate to the offense that it shocks the moral sense of the community or is cruel or degrading that courts will override legislative judgment. (*People v. Gonzales* (1962), 25 Ill. 2d 235, 184 N.E.2d 833.) The decision to abolish the difference in penalties between pandering, whether by compulsion or otherwise, is not a cruel, degrading, or shocking classification warranting judicial interference with the legislative determination of the seriousness of the offense.

Accordingly, the judgments of the circuit court of Cook County are affirmed.

Judgments affirmed.

MEJDA, P. J., and McGLOON, J., concur.