THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SHERROD, Defendant-Appellant.

First District (4th Division)    No. 62495

Opinion filed June 30, 1977.

James J. Doherty, Public Defender, of Chicago (Sheila Murphy and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendant, James Sherrod, appeals from an order of the circuit court of Cook County finding him in violation of his probation and sentencing him to 3 to 10 years in the Illinois State Penitentiary.

On March 25, 1974, the defendant pleaded guilty to the charge of theft and was sentenced to 5 years' probation. On April 5, 1974, Sherrod was arrested and later indicted for the offense of pandering in violation of section 11—16 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 11—16) hereinafter referred to as the pandering statute). The State then filed a petition alleging that defendant had violated his probation because he had offered to set up an undercover policewoman to perform acts of prostitution. A hearing was held on August 5 to determine whether the defendant had violated his probation. Defense counsel moved to dismiss the action on the grounds that the pandering statute was unconstitutional in that it created an unconstitutional classification based on sex which violated the equal protection clauses of the Illinois Constitution and the United States Constitution. The trial judge refused to rule on the constitutionality of the statute, contending it was not relevant in a probation revocation proceeding.

At the hearing, Officer Gosnell testified that on April 5, 1974, she was investigating conditions in the Greyhound bus station, particularly in the Post House Lounge. She was wearing a "mini" dress and a "maxi" coat. She was approached by the defendant, who introduced himself as "Mad Dog." He asked if she was "hustling" out of the bar. He also told Officer Gosnell that he had "a stable with seven ladies in it" on Rush Street where

the big money was. He offered her an opportunity to become one of his "ladies" and told her that he would bring her "tricks" that would range in price from $150 to $1,000. All he would demand was $100 occasionally and the use of her services when she was not busy. The officer told Sherrod that the arrangement sounded good, but she wanted a few minutes to think things over. She left the bar, called another police officer for assistance, and then arrested the defendant. The trial judge found by a preponderance of the evidence that the defendant had violated his probation.

On September 19, 1974, the defense filed a motion to vacate the order revoking probation on the ground that the pandering statute was unconstitutional as it violated equal protection of the laws because it did not prohibit the same conduct when committed upon males, and that, further, since the violation of probation was predicated upon an unconstitutional statute, the order revoking the defendant's probation was void. The motion was denied. Defendant was sentenced to 3 to 10 years in the Illinois State Penitentiary. Defendant appeals from the revocation of his probation.

The issues presented for review are (1) whether defendant has standing to raise the constitutionality of the pandering statute on equal protection grounds; (2) whether the Illinois pandering statute violates the equal protection clauses of the United States and Illinois constitutions because it creates an unconstitutional classification based upon sex; and (3) whether the order revoking defendant's probation should be reversed because it is predicated upon conduct prohibited by an unconstitutional statute.

The pandering statute provides:

"(a) Any person who performs any of the following acts for money commits pandering:

(1) Compels a female to become a prostitute; or

(2) Arranges or offers to arrange a situation in which a female may practice prostitution." (Ill. Rev. Stat. 1973, ch. 38, par. 11—16(a).)

Defendant contends that he has standing to attack the validity of the statute in that he is an aggrieved party because application of the statute resulted in his confinement. He relies on *People v. Medrano* (1974)), 24 Ill. App. 3d 429, 321 N.E.2d 97. However, *Medrano* does not enunciate any express rules regarding standing.

■■ It is an established rule that courts will not entertain objections to an allegedly unconstitutional feature where the objecting party is not in any way aggrieved thereby. (*City of Chicago v. Lawrence* (1969), 42 Ill. 2d 461, 464, 248 N.E.2d 71, 73-74.) It seems evident that the converse of this rule is also true, *i.e.*, the courts will only entertain a constitutional objection when the party challenging the unconstitutional feature has

been aggrieved thereby. Assuming *arguendo* that the trial judge relied on the pandering charge in determining that defendant violated his probation, which resulted in sentencing him, the defendant would be an aggrieved party because he was subjected to confinement. If such were the case, the defendant would have standing to challenge the pandering statute. However, the general "standing" rule has exceptions.

■■ In *People v. Houston* (1976), 43 Ill. App. 3d 677, 357 N.E.2d 184, the defendants were found guilty of pandering and on appeal contended in part that the statute unconstitutionally discriminated on the basis of sex. In response to their arguments, the court noted that before it could consider the constitutionality of the pandering statute, the defendants had to demonstrate that they possessed standing to challenge its validity. Regarding the defendant's standing, the court held:

"As stated in *People v. Bombacino* (1972), 51 Ill. 2d 17, 20, 280 N.E.2d 697, '* * * One who would attack a statute as unconstitutional must bring himself within the class as to whom the law is unconstitutional.' Defendants here cannot assert that they are the victims of discrimination based upon their respective sexes. The statute prohibits all from engaging in pandering. Defendants' contention is based upon the sexual classification of prostitutes. *One may not assert a claim of discrimination based upon the sex of another person. (In re Estate of Karas* (1975), 61 Ill. 2d 40, 329 N.E.2d 234.) Since defendants do not fall within the statutory classification which they attack, they are precluded from challenging the statute's validity." (Emphasis added.) (*People v. Houston* (1976), 43 Ill. App. 3d 677, 680, 357 N.E.2d 184, 186.)

Recently, *In re Estate of Karas* (1975), 61 Ill. 2d 40, 329 N.E.2d 234, one of the primary authorities relied on in *Houston*, was overruled in part by *Trimble v. Gordon* (1977), 430 U.S. 762, 52 L. Ed. 2d 31, 97 S. Ct. 1459; however, the United States Supreme Court did not reach the sex discrimination arguments nor the attendant rules relating to standing. Therefore, *Karas* is still the prevailing rule on the issues of standing in a case where the defendant attacks the classification of the victim in an otherwise sexually neutral statute. Following *Karas* and *Houston*, the defendant in the instant case does not possess standing to attack the validity of the statute and, therefore, we need not address the second issue.

■■ Furthermore, although we realize that currently men as well as women are the victims of panderers, the problems which exist do not furnish grounds for declaring this statute unconstitutional. Evils in the same field may be of different dimensions and proportions, requiring different remedies; the legislature may select one phase of one field and apply a remedy there, neglecting the others. (*Williamson v. Lee Optical*

*of Oklahoma, Inc.* (1955), 348 U.S. 483, 489, 99 L. Ed. 563, 573, 75 S. Ct. 461, 465; *United States v. Garrett* (8th Cir. 1975), 521 F.2d 444, 446-47.) The legislature may address itself to one stage of a problem at a time and not take action as to other phases and still constitutionally classify. (*Illinois Coal Operators Association v. Pollution Control Board* (1974), 59 Ill. 2d 305, 312-13, 319 N.E.2d 782, 786.) By choosing to protect only females from panderers, the legislature decided to reach only part of the social harm which exists. Its decision to do so in the manner which it adopted here, however, did not create an unconstitutional classification.

■■ Regarding the third issue, because the defendant lacks standing to challenge the constitutionality of the pandering statute, we also will not consider whether the judge's order was predicated on an unconstitutional statute. We do note, however, that after viewing the evidence as a whole, the defendant's conduct, whether it violated the pandering statute or not, was sufficient to support the judge's finding that he had violated the terms of his probation.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.