STATE of Iowa, Appellee,

v.

**Randall Eugene BALL, Appellant.**

No. 60814.

Supreme Court of Iowa.

Feb. 22, 1978.

John W. Pieters, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., and David H. Correll, County Atty., Waterloo, for appellee.

Considered by MOORE, C. J., and MASON, REES, REYNOLDSON, and McCORMICK, JJ.

REYNOLDSON, Justice.

This appeal requires us, as a matter of first impression, to review a trial court's application of our "rape shield" law, § 782.4, The Code, 1975, now rule 20(5), Rules of Criminal Procedure.

Defendant was charged with rape, a violation of § 698.1, The Code, 1975. There was ample evidence to support a jury finding that the victim, a hitchhiking University of Northern Iowa coed, was forcibly raped on February 1, 1977, after being picked up by defendant and three other male occupants of a van.

Defendant filed a timely § 782.4 motion to admit evidence of the victim's sexual conduct with third parties during the year preceding this incident. Trial court denied the motion.

The jury found defendant guilty and he was sentenced to life imprisonment. Upon defendant's appeal, we affirm.

I. At trial defendant asserted his right to have his motion granted under § 782.4, and also attacked the statute on constitutional grounds. See Note, *Indiana's Rape Shield Law: Conflict with the Confrontation Clause?* 9 Ind.L.Rev. 418 (1976).

But on this appeal defendant only asserts trial court abused its discretion "in refusing to allow evidence of sexual conduct of the complaining witness in the last year past preceding the date of the alleged rape." He asserts the excluded evidence was relevant to the issue whether the victim consented to have sex with him.

Section 782.4, The Code, 1977, provides in relevant part:

"In prosecutions for the crime of rape, evidence of the prosecuting witness' previous sexual conduct shall not be admitted * * * except as provided herein. Evidence of the prosecuting witness' previous sexual conduct shall be admissible if the defendant shall make application to the court * * *.

"The court shall conduct a hearing in camera as to the relevancy of such evidence of previous sexual conduct, and shall limit the questioning and control the admission and exclusion of evidence upon trial.

"In no event shall such evidence of previous sexual conduct of the prosecuting witness committed more than one year prior to the date of the alleged crime be admissible upon the trial, except previous sexual conduct with the defendant. * * * *"

Prior to trial, defendant filed a "Motion to Admit Evidence" pursuant to the above statute. At the in-camera hearing defendant offered portions of the victim's deposition, which disclosed she had an abortion in November, 1976, she knew the father of the child, and that after the abortion and prior to February 1, 1977, she had sexual intercourse three or four times, always with the same person.

Trial court, overruling the motion, found the evidence was neither relevant nor material to the question whether the victim "consented to intercourse with four unknown people on February 1, 1977."

II. The test of relevancy is whether the evidence offered would render the desired inference more probable than it would be without such evidence. Irrelevant evidence is that which has no logical tendency to establish any material proposition. *State v. Sheffey*, 250 N.W.2d 51, 55 (Iowa 1977).

Questions of relevancy and materiality of evidence rest largely within trial court's sound discretion. *State v. Watts*, 244 N.W.2d 586, 589 (Iowa 1976). We reverse only for abuse of discretion. *State v. Cassady*, 243 N.W.2d 581, 583 (Iowa 1976).

Defendant offers as authority *State v. Kramer*, 252 Iowa 916, 109 N.W.2d 18 (1961), and *State v. Johnson*, 152 Iowa 675,

133 N.W. 115 (1911). Both cases indicate a defendant may offer evidence of the previously unchaste character and reputation of the complainant as tending to prove it was not so likely the act was committed by force and against her will. *Johnson* additionally held defendant could offer proof of his prior sexual relations with the victim, for the same purposes.

Of course these cases antedated enactment of § 782.4 (now rule 20(5), R.Cr.P.) and must be reassessed in light of that statute. Section 782.4 makes clear previous sexual conduct with the defendant is admissible, even beyond the year limitation. But evidence of previously unchaste character or reputation would be admissible, if at all, only with respect to the preceding year. Those questions are not before us now, and the above decisions lend no support to defendant's contentions.

Nor does the only other case defendant cites, *Commonwealth v. Manning*, 367 Mass. 699, 328 N.E.2d 496 (1975). The *Manning* court held it was error to exclude evidence of the complainant's poor reputation for chastity. *Id.*, 367 Mass. at ——, 328 N.E.2d at 499. We already have noted that issue is not in this case. In a later decision the Massachusetts court, while not retreating from *Manning*, reaffirmed its prior holdings that ordinarily evidence of instances of the complainant's prior intercourse with third persons is inadmissible. *Commonwealth v. Gouveia*, 358 N.E.2d 1001, 1003 (Mass.1976).

Recently over half the states have enacted rape shield laws designed to control or even prohibit use of evidence respecting the rape victim's chastity. Berger, *Man's Trial, Woman's Tribulation: Rape Cases In The Courtroom*, 77 Col.L.Rev. 1, 32 n. 196 (1977). These statutes vary from highly restrictive, La.Rev.Stat.Ann., § 15:498 (West Cum. Supp.1977), to highly permissive, Tex.Penal Code Ann., Tit. 5, § 21.13(a) (Vernon Cum. Supp.1976–77), in permitting evidence of the victim's prior sexual conduct.

The Iowa statute prohibits all such evidence of the prosecuting witness' previous sexual conduct (other than with the defendant) committed more than one year prior to the alleged offense. Evidence of such conduct within the year may be admitted in the trial court's discretion only after application and an in-camera hearing as to relevancy of such evidence. § 782.4, The Code.

Such statutes, and related decisions, ordinarily attempt to balance rights of the alleged victim and constitutional rights of the accused. Areas in which those constitutional rights or relevancy of evidence may be a consideration are suggested by the exceptions to inadmissibility articulated in some statutes, and discussed in legal articles. See Mich.Comp.Laws Ann., § 750.520 (Cum. Supp.1976–77); Minn.Stat.Ann., § 609.347 (West Cum.Supp.1977); N.Y.Crim.Proc. Law, § 60.42(5) (McKinney Cum.Supp.1976–77); Berger, 77 Col.L.Rev., supra, at 98–99; Caulfield, *The New Oregon Sexual Offenses Evidence Law: An Evaluation*, 55 Ore.L.Rev. 493 (1976); Note, 9 Ind.L.Rev., supra, at 424–435.

However, we have found no persuasive authority admitting the type of sexual conduct evidence sought to be injected into this case. We have never adopted the principle that a victim's consent to intercourse with one man implies her consent in the case of another, and we reject it now. In so holding we are supported by a number of well-reasoned opinions. *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 28, 545 P.2d 946, 952 (1976); *McLean v. United States*, 377 A.2d 74, 77 (D.C.Ct. of App.1977); *Commonwealth v. Gouveia*, supra, 358 N.E.2d at 1003–1004; *People v. Whitfield*, 58 Mich. App. 585, 591–592, 228 N.W.2d 475, 478 (1975); *State v. Hill*, 244 N.W.2d 728, 731 (Minn.1976), cert. den., 429 U.S. 1065, 97 S.Ct. 794, 50 L.Ed.2d 782 (1977); *State v. Ruhr*, 533 S.W.2d 656, 659 (Mo.App.1976); *Wynne v. Commonwealth*, 216 Va. 355, 356–357, 218 S.E.2d 445, 446 (1975).

Defendant's contentions imply the time limitation specified in § 782.4 creates a one-year open season for invasion of complainant's privacy and rummaging through details of her sexual conduct with third parties. We think the statute makes clear this was not the legislative intent. Rather, § 782.4 provides a partial proscription on

evidence of sexual conduct with third parties during that period. Such evidence is admissible only if the court finds it is relevant to a material factual dispute and its probative value is not outweighed by danger of unfair prejudice, confusion of issues, or unwarranted invasion of complainant's privacy, or considerations of undue delay and time waste, or needless presentation of cumulative evidence.

In the case before us trial court rightly ruled evidence of the victim's prior sexual conduct with a third party had no bearing on the issue of her consent on February 1, 1977.

We affirm the judgment and sentence below.

AFFIRMED.