**STATE of Iowa, Appellee,**

v.

**Steven LaVerne ZAEHRINGER, Appellant.**

**No. 62177.**

Supreme Court of Iowa.

June 27, 1979.

---

Michael W. Liebbe and Randy J. Hohenadel, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Thomas A. Evans, Jr., Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, HARRIS and ALLBEE, JJ.

REES, Justice.

This is an appeal by defendant, Steven LaVerne Zaehringer, from sentence imposed on his conviction for the crime of rape in violation of § 698.1, The Code 1977. We reverse and remand for a new trial.

On October 24, 1977 the defendant was charged by a county attorney's information with the crime of rape. His demurrer to the information, attacking the constitutionality of the statute under which he was charged was overruled. After pleading not guilty he was tried and convicted on February 24, 1978.

The alleged offense took place early on the morning of October 22, 1977, when the complaining witness (a Ms. Petersen), the defendant and his fiancee were in defendant's van. While there and later at defendant's home, defendant engaged in acts of oral sex and sexual intercourse with both women. Defendant does not deny participation in these acts, but contends that at no time did he force the complaining witness to participate therein against her will.

The following issues are asserted for review:

(1) Did the trial court err in overruling defendant's demurrer attacking the constitutionality of § 698.1, The Code 1977, against the defendant's equal protection challenge?

(2) Did the trial court err in excluding defendant's testimony explanatory of evidence introduced by the State which was prejudicial to the defendant?

(3) Did the trial court err in denying defendant's request for information set out in his bill of particulars which the court treated as a motion for discovery?

(4) Did the trial court err in admitting allegedly prejudicial testimony regarding the defendant's appearance at the time of his arrest and a reference to defendant's being offered a lie detector test?

(5) Was an adequate evidentiary foundation laid for the admission of photographs of the complaining witness?

(6) Did the trial court adequately instruct the jury as to the elements of the offense with which the defendant was charged?

I. Defendant first attacks the constitutionality of § 698.1, The Code 1977, alleging that it protects only females and is therefore violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, section 6 of the Iowa Constitution.

■■■ Specifically, Zaehringer challenges that part of § 698.1 which provides:

If any person ravish and carnally know any female by force or against her will, or if any person carnally know and abuse any female child under the age of sixteen years, or if any person over the age of twenty-five years carnally know and abuse any female under the age of seventeen years, he shall be imprisoned. . .

Defendant contends the statute provides protection only for female persons and punishment only for males, constituting a gender-based classification violative of equal protection. We need not reach the merits of Zaehringer's contention because we conclude he lacks standing to challenge the statute on the ground asserted.

While Zaehringer is generally aggrieved by the existence of the statute, he is in no manner specifically aggrieved by the distinction which he seeks to draw. He is charged with the forcible rape of a female. He does not show any harm to have resulted to him personally by the "failure" of the statute to protect males from sexual assault or to prosecute females for the same. A

showing of harm resulting from the distinction claimed to be violative of the Constitution is essential to standing. *Broadrick v. Oklahoma,* 413 U.S. 601, 96 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *United States v. Raines,* 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); *State v. Price,* 237 N.W.2d 813 (Iowa 1976). More specifically, other courts have reached the same conclusion regarding constitutional challenges to statutes regarding sexually-related offenses. *People v. Sherrod,* 50 Ill.App.3d 532, 535, 8 Ill.Dec. 607, 609, 365 N.E.2d 993, 995 (1977); *People v. Barger,* Colo., 550 P.2d 1281, 1283 (1976); *State v. Sluder,* 11 Wash.App. 8, 10, 521 P.2d 971, 972 (1974); cf. *United States v. Garrett,* 521 F.2d 444, 446 (8th Cir. 1975) (questioning standing of defendant, but still addressing merits).

We therefore proceed to address the remaining issues urged by the defendant.

II. The defendant next contends the trial court erred in excluding evidence (1) concerning an offer made by the complaining witness to pose nude for photographs by the defendant, and (2) regarding his habits during sexual intercourse, claiming these rulings impinged upon his constitutional right to present a defense, *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

Defendant alleges trial court erred in excluding evidence that Ms. Petersen had, on an earlier occasion, informed the defendant that she had posed nude for another person in exchange for money and would do the same for the defendant upon request. Such ruling, defendant contends, prevented him from explaining testimony offered by the State that he had requested his fiancee to take nude photographs of Ms. Petersen early on the night in question. The trial court refused to permit the introduction of such testimony on the ground that it was evidence of prior sexual conduct barred by the provisions of § 782.4, The Code 1977 (now Iowa R.Crim.P. 20(5)).

■■■ Determinations of the relevance, materiality and admissibility of evidence rests with the sound discretion of the trial

court and will be reversed only upon a showing that such discretion has been abused. *State v. Ball,* 262 N.W.2d 278, 279 (Iowa 1978).

We conclude that the evidence should have been admitted. It was relevant and could possibly have limited the implications which the jury may have drawn from the State's evidence. We are unable to conclude that posing nude is, per se, sexual conduct which the legislature intended to exclude. The trial court concluded that the evidence in all probability would be considered sexually suggestive by the jury, and thus involve sexual conduct. Yet, posing nude does not in and of itself infer or connote sexual activity or conduct. Absent a showing or implication of sexual activity of some sort accompanying the posing, § 782.4 does not come into play. While there may be those to whom nude posing is sexually suggestive, to find nude posing to be "sexual conduct" within the meaning of § 782.4 would be to place a strained and unreasonable construction on that statute.

We also note that the purpose behind the defendant's seeking the introduction of the evidence in question was to explain evidence already introduced by the State and not to imply consent on the part of the prosecutrix. If the evidence had been submitted for the latter purpose, with the accompanying inference of prior sexual conduct or activity, § 782.4 would in all likelihood have barred its admission.

The State also introduced into evidence four photographs depicting bruises on the breasts of the complaining witness, alleging such bruises indicated the non-consent of the complainant. Defendant sought to explain the bruises by testifying that he is habitually very rough and physical when engaging in intercourse. The State objected to this line of questioning on the ground that it was irrelevant. The objection was sustained and the defendant then made an offer of proof outside the presence of the jury, the scope of which dealt only with his habits during intercourse, not with his particular conduct at the time of the alleged offense.

A close question arises as to whether the trial court abused its discretion in finding the proffered testimony irrelevant. Irrelevant evidence is that which has no logical tendency to increase or decrease the probability of the truth of a material proposition. *State v. Sheffey,* 250 N.W.2d 51, 55 (Iowa 1977). Here evidence concerning the habits of the defendant during intercourse was offered to provide an alternative explanation for the bruises on the breasts of the complaining witness. Although not specifically included in the offer of proof, the obvious inference is that Zaehringer was also "rough" with Ms. Petersen at the time of the alleged offense. If one accepts such an inference, the rejected testimony was relevant to a material proposition, the presence of the bruises. Even without the inference, the habits of the defendant during intercourse would appear to be relevant to explain the bruises, although to a lesser extent.

The State contends Zaehringer's habits have no relevance to the particular offense charged here, citing *State v. Ball.* That case involved the question as to whether evidence of the complaining witness having consented to intercourse with one man was relevant to the issue of her consent to intercourse with another. While the analysis of the *Ball* case highlights the desirability of a statement regarding defendant's actions on the night in question, *Ball* is distinguishable. A correlation, if any, between consent in one instance to consent in another is much less likely than the correlation of general habitual conduct to a particular instance. Additionally, the evidence in *Ball* involved prior sexual conduct of the prosecutrix, now of restricted admissibility, *see* Iowa R.Crim.P. 20(5), whereas here we are concerned with the sexual habits of the defendant being established to rebut evidence introduced by the State. This evidence is not subject to such a general limitation.

The State also points out testimony in the record, not by the defendant, indicating that the defendant's girl friend "liked to have her breasts pinched hard and that he

(the defendant) had done this to Terry (the prosecutrix)", and contends that this supports the exclusion of the proffered testimony and prevents it from being reversible error, citing *State v. Hicks,* 245 N.W.2d 319 (Iowa 1976).

Were there a closer substantial and contextual correspondence between the aforementioned testimony and that excluded, there might be merit in the State's position. It is still difficult to conclude that the defendant was not prejudiced by the court's refusal to allow defendant to directly give his explanation of the bruises on the prosecutrix' breasts rather than relying on the earlier testimony of a third person during the prosecution's case in presenting his defense.

We conclude the trial court abused its discretion and prevented Zaehringer from presenting his defense by excluding the aforementioned evidence. As we are unable to conclude that the refusal of the court to permit the introduction of such evidence was not prejudicial to the defendant, we reverse his conviction and remand this case for a new trial.

Because some of the remaining issues may arise again on retrial, we will address them briefly.

 III. Before trial, the defendant filed a motion which was labeled a Motion for a Bill of Particulars, but was permissibly treated by the trial court as a motion for discovery. *State v. Hall,* 235 N.W.2d 702, 713 (Iowa 1975). Four particulars of this motion were overruled by the trial court, including a request for any written or recorded memoranda containing substantially verbatim statements of persons associated with the hospital at which the complaining witness was examined, and three requests for certain prosecution data which, if existent, could have been used to impeach the credibility of the prosecutrix.

The memoranda sought by the motion should have been discoverable to the extent they existed and complied with the standard set forth in *State v. Houston,* 209 N.W.2d 42, 46 (Iowa 1973) and *State v.*

*Hummell,* 228 N.W.2d 77, 81 (Iowa 1975). The other information sought was also relevant to Zaehringer's defense and should have been made available to him when appropriate in keeping with our pronouncements in *State v. Mayhew,* 170 N.W.2d 608 (Iowa 1969). The information sought was set out with sufficient specificity so as not to constitute an overbearing burden on the State.

Due to the uncertainty of the existence of the above listed information, resolution of this issue might have required a remand for an in camera inspection of prosecution files as was done in *Hall.* Since this case is being remanded for a new trial, any potential error can be eliminated during pretrial proceedings.

IV. Finding no error in the remaining issues, we will comment upon them in summary fashion.

 Evidence as to the appearance of the defendant at the time of the incident was properly admitted in the court's discretion as it went to establishing his identity as the alleged assailant of the prosecutrix, an element of the crime. However, once consent becomes the sole issue, the necessity or value of such evidence is questionable. *State v. Ostrand,* 219 N.W.2d 509, 513 (Iowa 1974).

 Testimony regarding a defendant's refusal to submit to a polygraph examination is inadmissible. *State v. Green,* 254 Iowa 1379, 121 N.W.2d 89 (1963). Here, however, counsel objected before the witness could disclose whether the defendant refused to submit to a polygraph examination. As the comment regarding the polygraph examination was unsolicited, it is not likely to recur.

 We have previously said that the proper foundational showing for the admission of the photographs is that they must be verified as correct and accurate representations of the relevant observations of the witness. *Twyford v. Weber,* 220 N.W.2d 919, 926 (Iowa 1974); *Udell v. Peterson,* 257 Iowa 474, 482–83, 133 N.W.2d 119, 124 (1965). This standard properly acknowl-

**422**

edges the difference between photographs and other demonstrative evidence for which a chain-of-custody foundation is required. *See U. S. v. Craig,* 573 F.2d 455, 478–79 (7th Cir. 1977).

 The court's instructions adequately informed the jury of the essential elements of the offense of rape with which the defendant was charged. Therefore the refusal to amend instruction # 6 as requested to specifically instruct the jury that oral sex is not carnal knowledge within the statute was not an abuse of discretion. *State v. Tensley,* 249 N.W.2d 659, 662 (Iowa 1977).

In summation, we conclude the trial court erroneously excluded evidence which the defendant sought to introduce, as referred to in division II above. This case is therefore reversed and remanded for a new trial.

REVERSED AND REMANDED.