THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN D. BOUCHER, Defendant-Appellant.

Third District   No. 78-131

Opinion filed August 21, 1979.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

On December 20, 1977, Defendant, John D. Boucher, was indicted by the grand jury of Tazewell County on several counts for the offense of escape. However, defendant was tried as to only that count which alleged defendant committed felony escape because he, while in custody on a felony charge of arson, did intentionally escape from a penal institution, being the Tazewell County jail. The other counts of the indictment were dismissed.

Prior to trial, defendant argued that the escape statute was unconstitutional because the distinction between escapees in custody by reason of a felony charge and those in custody by reason of a misdemeanor charge was arbitrary, violated equal protection, and contravened the presumption of innocence. Defendant's argument was rejected, and following a stipulated bench trial, he was found guilty and was sentenced to a term of imprisonment of not less than three nor more than nine years, pursuant to the joint recommendation of the prosecution and defense.

On appeal defendant challenges the constitutionality of the statute defining escape as a criminal offense, arguing that a convicted misdemeanant escapee would receive a lesser sentence for escaping than would a person in custody who was only charged with a felony even though he may later be found innocent of the charges. The State responds that defendant has no standing to make this challenge because defendant subsequently pleaded guilty to the charge of arson and therefore cannot complain that he would have received a greater sentence than a convicted misdemeanant if he had been found innocent of the felony charge.

■■ At the time defendant was convicted of the offense of escape, as well

as at the time the escape occurred, defendant had not yet been convicted of arson. Had defendant been ultimately acquitted of the charge of arson or had the indictment charging arson been subsequently found to be invalid, the conviction for escape would not have been vacated (*People v. Nastasio* (1963), 30 Ill. 2d 51, 195 N.E.2d 144; *People v. Hill* (1959), 17 Ill. 2d 112, 160 N.E.2d 779), and therefore, defendant would be in a better position to present an issue which relates to an escapee who was in custody on a felony charge potentially receiving a greater sentence for escape than an escapee whose custody was based on a misdemeanor conviction. Since defendant's equal protection and due process challenges to the constitutionality of the escape statute are based on the possibility that a person charged with a felony may be ultimately acquitted of that felony, we believe those issues became moot when defendant subsequently pleaded guilty to the underlying arson charge.

Defendant also argues that the escape statute violates that provision of the Illinois Constitution of 1970 which requires all penalties to be determined according to the seriousness of the offense and with the objective to restoring the offender to useful citizenship. Ill. Const. 1970, art. I, §2.

The escape statute states, in relevant part:

"(a) A person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony.

(b) A person convicted of a misdemeanor or charged with the commission of a misdemeanor who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class A misdemeanor.

(c) A person in the lawful custody of a peace officer who intentionally escapes from custody commits a Class A misdemeanor." (Ill. Rev. Stat. 1977, ch. 38, par. 31—6.)

It is admitted by defendant that the State has an interest in punishing persons charged with an offense who escape and that there is a rational distinction between convicted felons and convicted misdemeanants who escape. The concern of the defendant is the "enhanced penalty" applicable to charged felons.

We note that the Committee Comments to the escape statute seem to indicate that a person incarcerated on a felony charge was never intended to be convicted pursuant to subsection (a).

"However, instead of relating the offense to the place of confinement only, section 31—6 uses the term 'penal institution' (as that term is defined in section 2—14) and then relates the penalty to the seriousness of the offense of which the escapee has been

convicted or charged. For a person already convicted the escape must be from a penal institution or from an employee of a penal institution (which includes county jail), otherwise it is an escape from custody only within the proscription of subsection (c). *An escapee not yet convicted escapes from custody only under subsection (c).*" (Emphasis added.) (Ill. Ann. Stat., ch. 38, par. 31—6, Committee Comments (Smith-Hurd 1977).)

However, the language of the statute is unambiguous and when read in conjunction with the statute defining a penal institution, the interpretation contained in the Committee Comments becomes insupportable. A penal institution is defined as "a penitentiary, state farm, reformatory, prison, jail, house of correction, or other institution for the incarceration or custody of persons under sentence for offenses or awaiting trial or sentence of offenses." (Ill. Rev. Stat. 1977, ch. 38, par. 2—14.) A person charged with a felony who escapes from a county jail while awaiting trial may be charged with the offense of felony escape.

Nor can it be said that this statute violates article I, section II of the Illinois Constitution. Escape is a type of obstruction of justice which can seriously endanger the defendant, his custodians and the general public. It is argued, however, that by statutorily requiring that a person charged with a felony receive a felony sentence if proved to have escaped, the sentence is imposed without consideration of the circumstances of the offense and his potential for rehabilitation.

Since by definition felonies are more serious offenses than are misdemeanors, the obstruction of justice where an accused felon escapes is more serious that the obstruction of justice involved where a misdemeanant escapes. Moreover, the charge involved is part of the circumstances of the offense of escape, and the legislature has considered the distinction between felony and misdemeanor in making the distinction in the escape statute. In much the same way, a person, if convicted, will receive a greater sentence for aggravated battery than for simple battery because the legislature in considering the possible circumstances in which a battery may be committed has found some of those circumstances particularly opprobrious.

■■ ■ Absent a clear violation of a constitutional limitation, as where the penalty prescribed by statute is so disproportionate to the offense that it shocks the moral sense of the community or is cruel or degrading, the legislature's determination of the character and extent of the penalty for a criminal offense will not be interfered with, for it is clearly the province of the legislature to decide whether evil exists and what means are appropriate to prevent that evil. (*People v. Houston* (1976), 43 Ill. App. 3d 677, 357 N.E.2d 184.) It is a "well established principle that the courts are 'reluctant to override the judgment of the General Assembly with respect

to criminal penalties.' " (*People v. Cantrell* (1973), 14 Ill. App. 3d 1068, 1072, 304 N.E.2d 13, 16, quoting *People v. Gonzales* (1962), 25 Ill. 2d 235, 240, 184 N.E.2d 833, 835.) The minimum sentence imposed is a result of a legislative judgment which reflects both the seriousness of the offense and the legislative belief that a longer rehabilitative period is necessary. *People v. Wright* (1974), 18 Ill. App. 3d 1028, 310 N.E.2d 494.

■ As a result, we do not find that the escape statute violates article I, section II of the Illinois Constitution of 1970, and the judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.