STATE of Missouri, Respondent,

v.

Russell F. CARRICO, Jr., Appellant.

No. 53983.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 23, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1988.

Application to Transfer Denied Nov. 21, 1988.

Marsha Brady, Hillsboro, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for promoting prostitution in the third degree, § 567.070, RSMo 1986, for which he was sentenced to four years' imprisonment and fined $1,000. We affirm.

Viewed in the light most favorable to the verdict, the evidence discloses the following: Defendant, recently divorced and new to the area, began phoning M.A., a sixteen-year-old high school student. He had never met M.A., but had gotten her name from friends. The phone calls were frequent and often daily, and in the course of the conversations defendant told M.A. he operated an escort service where he set up girls to spend the night with businessmen in St. Louis, and asked her if she would be interested in working for him.

In the beginning, M.A. went along with the caller, assuming it was one of her friends playing a joke on her; however, when defendant continued to call she realized something was wrong, and sought to discover what defendant really wanted from her. At times their conversations were lengthy and consisted of a variety of subjects, including sex. Defendant told M.A. she could earn $100 from one act of prostitution and she would be able to keep $50 and the organization would get $50. He told her her earnings would increase if she would meet with two men at one time. Defendant said he wanted to take M.A.'s photograph to show to potential clients.

Subsequently M.A. discussed the calls with her parents and her boyfriend and contacted the police. The police gave M.A. a recording device to attach to her phone and by the use thereof she was able to record three phone conversations with defendant. The tapes of those conversations were played at defendant's trial. During those conversations, defendant repeated much of the information related by M.A. including the split of proceeds with the organization, the need to take photographs of M.A., and the possibility of M.A. meeting with two men at once. Defendant also asked M.A. about a list of her friends who might want to work for him. Defendant then offered M.A. $50 to have sex with him and they set up a time and place to meet. When the two met in the assigned place, defendant was arrested.

As the sole defense witness, defendant admitted making the phone calls to M.A., but denied telling M.A. he had an escort service, although he admitted he left that impression with her. Defendant said he phoned M.A. because he was lonely following his divorce and needed someone to talk to.

Defendant first contends the evidence was insufficient to support a conviction under § 567.070 for promoting prostitution because the evidence established he was acting as a patron and was, therefore, not guilty of promoting prostitution.

Section 567.070.1 provides that "[a] person commits the crime of promoting prostitution in the third degree if he knowingly promotes prostitution." § 567.070.1, RSMo 1986. Section 567.010(1)(f) defines promoting prostitution to include one who "acting other than as a prostitute or a patron of a prostitute ... knowingly ... [e]ngages in any conduct designed to institute, aid or facilitate an act or enterprise of prostitution[.]" § 567.010(1)(f), RSMo 1986. Defendant was charged with knowingly engaging in conduct to institute an act of prostitution by telephoning M.A. and soliciting her to work for him.

Defendant contends any offer he may have made to pay M.A. for sex, either with himself or someone else, would be included

under the crime of patronizing prostitution and, therefore, prosecution for promoting prostitution was not warranted.

Section 567.010(3)(b) and (c) states:

[A] person patronizes prostitution if

. . . .

(b) He gives or agrees to give something of value to another person on an understanding that in return therefor that person or a third person will engage in sexual conduct with him or with another; or

(c) He solicits or requests another person to engage in sexual conduct with him or with another, or to secure a third person to engage in sexual conduct with him or with another, in return for something of value; § 567.010(3)(b) and (c), RSMo 1986.

Defendant's argument might have some validity if there was only evidence that he offered to pay M.A. to have sex with him or a third person; however, that is not the case. The evidence showed defendant sought to recruit M.A. to work as a prostitute for an escort service he claimed to operate. He discussed prices and the percentage of M.A.'s earnings which the organization would keep. He stated that the customers and not he would be paying M.A. It is this conduct which subjects defendant to prosecution for promoting prostitution.

◼ Defendant's action in soliciting M.A. to have sex with him for $50 was a separate crime, not relevant to the issue at hand. The mere fact defendant attempted to patronize prostitution on one occasion does not insulate him from the charge of promoting prostitution by different actions on another occasion. *See State v. Linder*, 613 S.W.2d 918, 922[2] (Mo.App.1981) (although accused acted as prostitute on one occasion, she could be charged with promotion of prostitution on another occasion if the facts warranted it).

◼ Defendant also argues the evidence was insufficient to establish he was guilty of promoting prostitution because his conduct was, at most, preparatory in nature. He contends more is required to constitute promotion. Defendant has not cited, nor has our independent research disclosed, any authority to support this construction of § 567.010(1). The statute is inclusive in enjoining *"any conduct* designed to institute, aid or facilitate an act or enterprise of prostitution." § 567.010(1)(f) (emphasis added). Defendant's conduct falls well within the purview of the proscribed activities. It is the conduct itself and not its success or chance of success which is important. *See State v. Williams*, 315 N.W. 2d 45, 51 [6] (Iowa 1982) (evidence accused asked police informant to work for him as prostitute and told her he would supply her with drugs and clothes, she would get sixty percent of profits and he would arrange for meeting place was sufficient to prove accused guilty of persuading or arranging for another to be a prostitute); *see also People v. Houston*, 43 Ill.App.3d 677, 2 Ill.Dec. 207, 357 N.E.2d 184, 186 [1] (1976) (evidence accused offered to set up undercover officer as a prostitute in a specified location and retain a specified percentage of the profits was sufficient to prove accused offered to arrange a situation in which she could practice prostitution).

◼ Movant next claims the evidence was insufficient to prove he possessed the required mental state for the crime of promoting prostitution, that defendant "knowingly promote[d] prostitution." § 567.070.1, RSMo 1986. "Direct proof of the required mental state is seldom available and such intent is usually inferred from circumstantial evidence." *State v. Brown*, 660 S.W.2d 694, 699[13] (Mo.banc 1983). Under the facts of this case, as set out earlier, there was sufficient evidence from which the jury could find defendant knowingly promoted prostitution in his conversations with M.A.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.