PEOPLE *v*. MORRIS.

CRIMINAL LAW—SECOND-DEGREE MURDER—NEW TRIAL.

> Appeal from conviction of 16-year-old defendant, on plea of guilty, of second-degree murder, who had advice of counsel, and plea was on record seeming to justify such acceptance, is ordered remanded to the trial court for appointment of new counsel and further proceedings, where defendant now makes charges against counsel and court which cannot receive proper consideration except upon motion for new trial.

Appeal by leave granted from the Court of Appeals; Division 1, Lesinski, C. J., J. H. Gillis and Watts, JJ., order denying leave to take delayed appeal from Oakland; Pratt (Philip), J. (Calendar No. 7, October Term, 1966, Docket No. 51,365.) Remanded by Supreme Court December 6, 1966, pursuant to GCR 1963, 865.1(7).

Charles Morris was convicted, on plea of guilty, of second-degree murder. Leave to take delayed appeal to the Court of Appeals was denied. Leave to appeal to the Supreme Court was granted. The appeal was stricken from the October, 1966, Calendar at the request of the defendant, and, on the Court's own motion, the appeal is remanded to the trial

---

REFERENCES FOR POINTS IN HEADNOTE

39 Am Jur, New Trial § 6.
5 Am Jur 2d, Appeal and Error §§ 962, 963.

court for the appointment of new counsel, and for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Patrick H. Oliver,* Chief Appellate Counsel, for the plaintiff.

*Renfrew, Edberg & Baldwin,* for defendant.

PER CURIAM. This case was due for submission on October 6, 1966. On September 28, 1966, copies of a letter addressed to the Court by defendant were delivered to the Justices, as a result of which the clerk was directed to advise counsel that the appeal had been stricken from the list of cases to be argued and that a special order would be forthcoming.

Defendant's said letter is highly critical of his court-appointed counsel. In lesser degree, it is critical of the trial judge. The letter concludes:

"I at this time request that your honor hold judgment on my case until I can be appointed new counsel to defend me to the point that I might be able to present an appeal to the court that will merit consideration to the facts as they truly are. I also ask that your honor release Mr. James Renfrew from my case and order new counsel to represent me in this matter."

The defendant, 16 years old at the time of homicide and jury trial for first-degree murder, elected to plead guilty during the trial to second-degree murder. The trial judge accepted the plea after having made a record which, on the face thereof, seems to have fully justified such acceptance. In the absence of the jury defendant's counsel opened the subject with these words:

"*Mr. Renfrew:* If the court please, a few moments ago, my client had suggested that he might be willing to enter a plea. With the court's permission, and after consulting with Mr. Lang, I have discussed the possibilities of his doing so with the defendant himself, with his mother and with his grandmother. This is a decision about which there might be some trepidation on the part of counsel, were it not for the fact that the defendant's intelligence, understanding of his situation are such that I can honestly state to the court he fully understands the nature of his entering a plea here.

"I have advised him that I am duty bound to proceed if it is his desire; that he has the right additionally to have his case tried to the uttermost before a jury. Notwithstanding the advice which I have given him as to his constitutional rights, I am instructed by the defendant without any pleas; without any coercion, without any inducement whatever to state to the court that he desires to plead guilty to murder in the second degree."

The defendant, however, now makes charges against counsel and court which cannot receive proper consideration excepting upon motion for new trial. Another question, whether a statutory sanity hearing should have been conducted before trial, deserves attention on like motion. The record accordingly is remanded to the Oakland circuit with instruction that new counsel be appointed for the defendant; whereupon such counsel will proceed by motion for new trial with presentation of all questions which, to such counsel, appear proper and due in defendant's behalf. The circuit court will grant or deny such motion as to that court may appear right and just; whereupon defendant may have appeal as a matter of right should denial be ordered.

Nothing set forth in this order should be construed as critical of present court-appointed counsel, or of the trial judge. Such counsel has signified to

us, through the trial judge, desire that he be relieved and that new counsel be appointed in his stead.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.