PEOPLE *v.* MORRIS

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL INTERROGATION—PURPOSE.

Factual interrogation by the trial court of a guilty-pleading defendant is required at the plea-taking proceeding for the purpose of determining the truth of the plea (GCR 1963, 785.3).

2. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL INTERROGATION — PLEA-TAKING PROCEEDING — TRUTH OF PLEA.

Failure to interrogate a guilty-pleading defendant as to the factual basis of his plea did not constitute reversible error where the preliminary examination transcript and the testimonial record before the trial judge at the time the plea was taken established the truth of the plea.

3. INDICTMENT AND INFORMATION — DEGREE OF MURDER — PROBATE COURT'S WAIVER — MAGISTRATE'S RETURN.

An information on a charge of first-degree murder was permissible where the prosecution had filed a petition for waiver of jurisdiction of the minor defendant on the charge of first-degree murder, the prosecution issued a complaint and a warrant charging first-degree murder, the probate court waived jurisdiction on a charge of murder, and the examining magistrate bound defendant over on a charge of murder because the probate court's waiver and the magistrate's return encompassed the degree of murder charged in the information.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 481 *et seq.*
[3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 19.
[4] 21 Am Jur 2d, Criminal Law §§ 487–489.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

4. CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCE OF PLEA—INCAR-
   CERATION.

   Telling a guilty-pleading defendant that he was subjecting him-
   self to the court "for punishment in accordance with the law"
   sufficiently informed the defendant that he might be im-
   prisoned (GCR 1963, 785.3).

Appeal from Oakland, Philip Pratt, J. Submit-
ted Division 2 May 10, 1971, at Lansing. (Docket
No. 10601.) Decided May 20, 1971. Leave to appeal
denied, 385 Mich 777.

Charles R. Morris was convicted, on his plea of
guilty, of second-degree murder. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Dennis Donohue,* Chief
Appellate Counsel, for the people.

*Bruce T. Leitman,* for defendant.

Before: DANHOF, P. J., and FITZGERALD and
QUINN, JJ.

QUINN, J. November 6, 1963, defendant shot and
killed Kenneth Beebe, a fact undenied by defendant.
At the time of the offense and at time of trial, de-
fendant was 16 years of age. The offense occurred
about 1 p.m. on November 6, 1963; and about one
and one-half hours later, defendant surrendered to
the police at the scene, informed them of the loca-
tion of the gun he used and where he had placed the
shell casings. In addition, without interrogation
and after being advised that he did not have to say
anything, defendant volunteered the information
that he shot Beebe.

At 3:52 p.m. November 6, 1963, defendant gave a confessional statement to the prosecuting attorney which was stenographically taken and transcribed. November 7, 1963, a petition was filed with the juvenile division of the probate court requesting that court to take jurisdiction of defendant, and the same day the prosecuting attorney petitioned the probate court to waive jurisdiction of defendant to the circuit court. November 26, 1963, after investigation and a hearing at which defendant was represented by retained counsel, the probate court waived jurisdiction to the circuit court on a charge of murder.

November 27, 1963, a complaint charging defendant with first-degree murder was filed and a warrant charging defendant with the same offense issued. December 18, 1963, a preliminary examination was held at which defendant was represented by counsel of his choice. Part of the evidence offered and received at the examination was defendant's statement of November 6, 1963, taken stenographically. It was received without objection. Defendant was bound over to circuit court on a charge of murder.

December 19, 1963, an information charging defendant with first-degree murder was filed and at arraingment on this charge December 23, 1963, defendant stood mute. Thereafter defendant gave notice of the defense of insanity and the cause came on for trial February 11, 1964.

A jury was selected, the prosecuting attorney made an opening statement, and four witnesses were sworn. At this point, defendant's attorney made the following statement:

"If the court please, a few moments ago, my client had suggested that he might be willing to enter

a plea. With the court's permission, and after consulting with Mr. Lang, I have discussed possibilities of his doing so with defendant himself, with his mother, and his grandmother. This is a decision about which there might be some trepidation on the part of counsel, were it not for the fact that the defendant's intelligence, understanding of his situation are such that I can honestly state to the court he fully understands the nature of his entering a plea here.

I have advised him that I am duty bound to proceed if it is his desire; that he has the right additionally to have his case tried to the uttermost before a jury. Notwithstanding the advice which I have given him as to his constitutional rights, I am instructed by the defendant without any pleas, without any coercion, without any inducement whatever to state to the court that he desires to plead guilty to murder in the second degree."

Thereafter the trial court interrogated defendant and accepted his plea to second-degree murder. March 10, 1964, defendant was sentenced to life imprisonment.

May 18, 1965, on defendant's petition as an indigent, trial counsel was appointed appellate counsel. Defendant's application for delayed appeal was denied by this Court November 12, 1965. The Supreme Court granted leave to appeal, and on December 6, 1966, the cause was remanded to the trial court for the appointment of new counsel and the presentation of a motion for new trial, *People* v. *Morris* (1966), 378 Mich 515.

December 8, 1966, new counsel was appointed for defendant. A transcript of proceedings held February 8, 1967, indicates that sometime prior thereto defendant had instructed his attorney to abandon the motion for new trial, and to obtain verification

of this fact from defendant, a hearing was scheduled for February 8, 1967. Defendant was returned from prison to the Oakland County jail February 1, 1967, and on February 7, 1967, he advised his attorney to proceed with the motion for new trial. Defendant did not appear in court February 8, 1967, because he refused to leave his jail cell. No hearing was held and this precluded the trial judge from proceeding with a determination of defendant's competency (in *Morris, supra,* the Supreme Court had suggested that the question of whether a statutory sanity hearing should have been conducted prior to trial deserved attention on the motion for new trial). Defendant's attorney was granted 30 days to file a motion for new trial.

November 10, 1969, a motion to set aside the plea and for a new trial was filed. The reason for the delay is not discernible from the record. On February 27, 1968, the trial court conducted a hearing to determine defendant's competency to stand trial on February 11, 1964, and at its conclusion, the trial court found that defendant was competent to stand trial on February 11, 1964.

September 18, 1970, a supplemental motion to set aside plea and for new trial was filed together with an appendix in support of a brief which had been filed March 24, 1970. The trial judge filed a written opinion pursuant to which an order denying defendant's motion was entered October 7, 1970.

New appellate counsel was appointed October 27, 1970, and appeal as of right was filed as directed in *People* v. *Morris* (1966), 378 Mich 515, 517.

Defendant attacks the validity of his plea because the trial court did not interrogate him as to the facts of the crime. Factual interrogation is required during the plea taking as a basis for determining the truth of the plea. Here, the preliminary

examination transcript and the testimonial record before the trial judge at the time of the plea established the truth of the plea, without interrogating defendant and without reference to defendant's confessional statement. The latter fact obviates discussion of defendant's attack on the validity of the confessional statement.

The probate court waived jurisdiction on a charge of murder. The examining magistrate bound defendant over to the circuit court on a charge of murder. These facts are the basis for defendant's argument that it was impermissible for the people to file an information charging defendant with first-degree murder. In support, defendant cites *People* v. *Hoerle* (1966), 3 Mich App 693, but the waiver in *Hoerle* was for second-degree murder, which is not this case. Neither the probate court nor the examining magistrate could determine the degree of homicide. The petition for waiver and the complaint and warrant charged first-degree murder. The waiver and the magistrate's return encompassed the charge in the information.

Finally, defendant contends that his plea was invalid because the trial judge failed to advise him of the "consequences of his plea", namely, that defendant would be incarcerated. The court advised defendant:

"And you realize that in pleading guilty you subject yourself to this court for punishment in accordance with the law."

This complies with the requirement of GCR 1963, 785.3. *People v. Dunn* (1968), 380 Mich 693.

Affirmed.

All concurred.