BERNARD LEE TURPIN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 7196

November 20, 1973                    515 P.2d 1271

*Morgan D. Harris,* Public Defender, and *Joseph T. Bona-
venture,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woof-
ter,* District Attorney, and *Charles L. Garner,* Chief Deputy
District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

Bernard Lee Turpin, a juvenile, was certified to stand trial as an adult for the felony offenses of burglary, robbery, assault with a deadly weapon, and forcible rape. Following such certification he was indicted for the crimes of robbery and forcible rape with substantial bodily harm. Turpin v. Sheriff, 87 Nev. 236, 484 P.2d 1083 (1971). A jury found him guilty of the offenses for which he was indicted and judgments of conviction were duly entered. He presently is serving a ten-year sentence for robbery, and a sentence of life with the possibility of parole for forcible rape with substantial bodily harm. The sentences are to run concurrently.

The conviction for robbery is not challenged. However, we are requested to set aside the rape conviction on the premise that he was certified to be tried as an adult for the crime of forcible rape, but instead was indicted and tried for the offense of forcible rape with substantial bodily harm which requires additional proof and carries a more severe penalty.[1]

Two distinct crimes are specified by NRS 200.363. The first crime mentioned is forcible rape with substantial bodily harm.

---

[1]NRS 200.363 then read:

1. Forcible rape is the carnal knowledge of a female against her will. A person convicted of forcible rape shall be punished:

(a) If substantial bodily harm results:

(1) By death; or

(2) By imprisonment for life without possibility of parole; or

(3) By imprisonment for life with the possibility of parole, eligibility for which begins when a minimum of 10 years has been served.

(b) If no substantial bodily harm results:

(1) By imprisonment for life; or

(2) By imprisonment for a definite term of not less than 5 years. Under either sentence eligibility for parole begins when a minimum of 5 years has been served.

2. Whether substantial bodily harm has resulted and, if so, the punishment to be inflicted shall be determined:

(a) Upon a plea of not guilty, by the jury.

(b) Upon a plea of guilty or a confession in open court without a jury, by the court.

That statute has since been amended to delete the death penalty. See: Stats. Nev. 1973, at 1805.

The other offense specified is forcible rape without substantial bodily harm. It is apparent that the statute embraces two offenses since the proof required to establish the latter offense will not prove the former, and the penalty for each is different.

The petition for certification should adequately apprise the juvenile of the specific charges against him. A Minor v. Clark Co. Juvenile Ct. Servs., 87 Nev. 544, 490 P.2d 1248 (1971). In this case, the petition was not specific. It did not specify whether the forcible rape was with or without substantial bodily harm. It merely charged rape in violation of NRS 200.363, and consequently was broad enough to include either offense. The same is true with regard to the order of certification. Although we heretofore have ruled that a juvenile offender may not be charged with a crime more serious than that for which he was certified to stand trial, Junior v. State, 89 Nev. 121, 507 P.2d 1037 (1973), that circumstance may not be said to have occurred in this case. The order of certification was broad enough to include either of the two offenses, and the accused was charged by indictment with having committed rape with substantial bodily harm, the greater offense.

We do not wish to be understood as approving the lack of specificity in the certification papers. That defect, however, was subject to challenge by appeal. NRS 62.280; Lewis v. State, 86 Nev. 889, 478 P.2d 168 (1970). That remedy was not pursued. Consequently, the defendant thereby waived his right to present that issue following his trial on a specific charge and his conviction therefor. Cf. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Skinner v. State, 83 Nev. 380, 432 P.2d 675 (1967); George v. State, 89 Nev. 47, 505 P.2d 1217 (1973).

The other claim of error does not warrant discussion and is denied peremptorily.

Affirmed.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.