STATE of Iowa, Appellee,

v.

**David Eugene RICHARDSON, Appellant.**

No. 87–1389.

Supreme Court of Iowa.

June 14, 1989.

Raymond E. Rogers, Acting State Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Mary E. Richards, County Atty., and Judy K. Parks, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant, David Eugene Richardson, appeals from his conviction of assault with intent to commit sexual abuse. On appeal, defendant contends that the district court erroneously restricted his cross-examination of the alleged assault victim. The appeal was transferred to the court of appeals which reversed. We granted the State's application for further review, and now vacate the decision of the court of appeals and affirm the judgment of the district court.

I. *Background facts and proceedings.* From the record, the jury could have found the following facts. Defendant managed an Ames apartment building and the tavern located on the building's ground floor. Lisa R. rented an apartment in the building.

On the evening of May 23, 1987, defendant invited Lisa to join him in the tavern while he worked and asked her to play records for the other patrons. Lisa complied, and remained in the tavern that evening until it closed.

After the tavern was closed, defendant made sexual advances toward Lisa, which she declined. Defendant thereafter became angry and grabbed Lisa, struck her, and wrestled her to the floor. Lisa eventually struggled free. She was then able to escape from the building and run a short distance to the Ames police station.

Lisa was interviewed at the police station and examined for injuries which included bruises, a swollen lip, rug burns and a number of scratches. A police officer photographed her injuries, and these photographs were later admitted into evidence at trial.

Lisa testified at the jury trial as to the assault and her resulting injuries. She was then cross-examined in part as follows:

Q: [Lisa], isn't it true that the—when you had on occasion stopped up in [defendant's] apartment to talk about different things, you would discuss your boyfriend problems with him and—

[PROSECUTOR]: Your Honor, I'm going to object to this line of questioning. I don't see what the relevance of that is.

THE COURT: Yes, I guess I'm not understanding in terms of foundation of time in connection to this occurrence.

[DEFENDANT'S COUNSEL]: Well, your honor, I think it's relevant due to motive, and I think due to the relationship between the—between [Lisa] and [defendant] and just sort of setting the scene for a friendship.

THE COURT: Well, I'll allow the answer to this question then. Do you remember the question, [Lisa]?

THE WITNESS: Go ahead.

Q: I believe I asked you that isn't it true that you had discussed your relationship with your boyfriend with [defendant] when you stopped up in his apartment on occasion. A: Yes.

Q: And your problems with your boyfriend, him hitting you? A: Everything. I would just talk to him. He talked to me about his ex.

Q: [Lisa], isn't it true that none of your clothes were removed during this alleged assault? A: Yes.

Q: Yes, none of your clothes were removed? A: Oh, no, they weren't.

Q: [Lisa], I believe you said something earlier to the fact that [defendant] had said something about you think your boyfriend treats you bad or hits you—[defendant] had said—you said he said that to you during the course of—

A: No. He said you think your boyfriend treats you bad, I'm going to treat you three times as bad.

Q: [Lisa], isn't it true that your boyfriend did treat you badly?

[PROSECUTOR]: Your Honor, I'm going to object. I don't see the relevance.

THE COURT: Sustained. Proceed.

Defendant did not attempt to pursue this line of questioning further or make an offer of proof.

Defendant was subsequently found guilty of assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11 (1987). Judgment and sentence were entered upon the verdict.

Defendant appealed, claiming the trial court improperly restricted his cross-examination of Lisa concerning her relationship with her boyfriend and the possibility that her boyfriend caused her injuries. The court of appeals agreed, finding the trial court abused its discretion in limiting defendant's cross-examination in this regard, and reversed the district court judgment.

We granted the State's application for further review.

■ II. *Scope of cross-examination.* A defendant's right to cross-examine a witness is secured by the confrontation clause of the sixth amendment of the United States Constitution. *Davis v. Alaska,* 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974); *State v. Durrell,* 300 N.W.2d 134, 137 (Iowa 1981). This right is made applicable to the states by the fourteenth amendment. *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1067, 13 L.Ed.2d 923, 936 (1965). There exists no constitutional right, however, to elicit by cross-examination facts which are irrelevant or immaterial to the issues in the case being tried. *State v. Davis,* 269 N.W.2d 434, 439 (Iowa 1978).

"A reasonable latitude must be accorded the cross-examiner but the scope thereof as to any proper subject of inquiry rests generally in the trial court's sound discretion." *State v. Carney,* 236 N.W.2d 44, 46 (Iowa 1975). Generally, no offer of proof is necessary to preserve the issue as to whether the trial court abused its discretion in limiting a defendant's cross-examination, *State v. Cornell,* 266 N.W.2d 15, 21 (Iowa 1978), "[h]owever, when defendant's questions ask for irrelevant information, no error lies in curtailing such cross-examination where, as here, defendant makes no attempt to show trial court that the questions serve as foundation for further questions in an area of relevant inquiry." *Davis,* 269 N.W.2d at 439.

In *Davis,* a case involving a prosecution on a statutory rape offense, the defendant attempted to question the fourteen-year-old victim concerning her prior acts of intercourse. The State's objections based on relevancy grounds were sustained. *Id.* at 438. On appeal, we affirmed the trial court's rulings because the questions were not specifically offered as preliminary or foundational, nor otherwise shown to be intended to produce relevant evidence. *Id.* at 439.

■ In the present case, as in *Davis,* defendant made no showing concerning the relevance of Lisa's relationship with a former boyfriend and the injuries that were visibly present on May 24, after the alleged assault by defendant. As the trial court correctly ruled following defendant's motion for a new trial:

In order for that testimony to have been relevant, there would have to have been a foundation laid with respect to the date and time of the occurrence at issue in this proceeding. The mere fact that [Lisa] had been assaulted on previous occasions by another individual simply has no relevance to these proceedings.

This lack of foundation was called to defendant's attention earlier in his cross-examination of Lisa concerning her problems with her former boyfriend. Following the State's first relevancy objection, the trial court expressed its concern regarding the

need to lay a "foundation of time in connection with this occurrence." Yet on that occasion, the objection was overruled. When defendant again raised this subject, he still had not yet laid proper foundation for the testimony; therefore, the question at issue here called for irrelevant testimony. The trial court did not abuse its discretion in sustaining the State's objection.

III. *Disposition.* We conclude defendant's cross-examination of the assault victim concerning her relationship with her boyfriend sought irrelevant testimony. The trial court acted within its discretion in sustaining the State's objection. Therefore, we vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.