COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


DAVID LEE THOMPSON

OPINION BY
v.        Record No. 2550-97-4     JUDGE JERE M. H. WILLIS, JR.
                                        DECEMBER 1, 1998
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

Jerry C. Lyell for appellant.

Leah A. Darron, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Upon appeal from his conviction for forcible anal sodomy, in violation of Code § 18.2-67.1, David Lee Thompson contends that the trial court erroneously granted the Commonwealth's motion in limine, prohibiting him from cross-examining the victim concerning her allegedly false statement about prior sexual acts. We find no error and affirm the judgment of the trial court.

I.   BACKGROUND

At the time of the incident on trial, the victim was thirteen years old. She and her two younger siblings stayed at their grandmother's house while their mother was at work. Thompson, the victim's uncle, lived with the grandmother and was often home when the children were there. On June 29, 1996, the victim called her mother at work and complained that Thompson was "messing with her." The victim's mother called the police and left work immediately to go to the grandmother's house.

When the victim's mother arrived at the house, the police were already there. Upon being questioned in the presence of her mother, the victim told the police that Thompson had sodomized her anally two weeks before, on June 14, 1996. She further stated, in the presence of her mother, that she had never engaged in any type of sexual intercourse before that incident. She was then taken to Fairfax Hospital and was examined by a registered nurse who specialized in sexual assault examinations. The nurse found on the victim's rectum a healed scar, signifying an injury that had occurred at least ten days earlier. Although the victim had told the police that she had never before been sexually active, she admitted to the nurse that she had engaged in consensual vaginal intercourse at least twice, with two young boys.

Thompson was charged with forcible anal sodomy, in violation of Code § 18.2-67.1. The Commonwealth moved in limine to bar Thompson from cross-examining the victim about the acts of consensual sexual intercourse with the two boys and about her statements to the police and the nurse. The trial court granted the motion in limine. The jury found Thompson guilty of forcible anal sodomy and fixed his sentence at seven years in prison.

## II.  THE "RAPE SHIELD STATUTE"

Code § 18.2-67.7, the "Rape Shield Statute" provides, in pertinent part:

> A.  In prosecutions [for forcible sodomy],
> general reputation or opinion evidence of the
> complaining witness's unchaste character or

-2-

> prior sexual conduct shall not be admitted.
> Unless the complaining witness voluntarily
> agrees otherwise, evidence of specific
> instances of his or her prior sexual conduct
> shall be admitted only if it is relevant and
> is:
>> 1. Evidence offered to provide an
>> alternative explanation for physical evidence
>> of the offense charged which is introduced by
>> the prosecution, limited to evidence designed
>> to explain the presence of semen, pregnancy,
>> disease, or physical injury to the
>> complaining witness's intimate parts; or
>> . . . .

By cross-examining the victim concerning her false statement to the police and her subsequent admission to the nurse, Thompson would have injected into the case evidence of the victim's prior sexual conduct. Thompson argues that this evidence would have provided an alternative theory of the crime, explaining the victim's rectal scar. Code § 18.2-67.7(A)(1). He argues that the rectal scarring could have been caused by consensual anal intercourse with a third party. No evidence supports that theory. The suppressed cross-examination could not have done so. Consensual vaginal intercourse would not have caused the scar on the victim's rectum. Thus, evidence of the victim's false denial of earlier intercourse does not fall within the exception contained in Code § 18.2-67.7(A)(1).

Evidence of the victim's past sexual activity would have served only to degrade her reputation. Such evidence would have been highly prejudicial and is specifically what the "Rape Shield Statute" was designed to prevent. "Where . . . the only purpose offered for introducing evidence of the victim's prior sexual

conduct is to establish her propensity to engage in consensual sexual acts or to impeach her general credibility, such evidence is rendered inadmissable under [Code § 18.2-67.7]." Currie v. Commonwealth, 10 Va. App. 204, 207-08, 391 S.E.2d 79, 81 (1990).

### III.  IMPEACHMENT

Thompson argues that he sought to disclose not the victim's prior sexual conduct but merely her false statement to the police, seeking thereby to impeach her credibility.  The suppressed evidence would have been improper for that purpose. If Thompson wished to impeach the victim's credibility, the proper method was by evidence of her general reputation for truthfulness, not by proof of a single false statement.  See Clark v. Commonwealth, 202 Va. 787, 789-90, 120 S.E.2d 270, 272 (1961).

### IV.  PROOF OF A FALSE ACCUSATION

In Clinebell v. Commonwealth, 235 Va. 319, 368 S.E.2d 263 (1988), the Supreme Court enunciated a special rule relating to impeachment in sexual assault cases.  The Court said:

> [O]ne method of impeaching a witness is by attacking that witness' character. Ordinarily, character is attacked by presenting testimony that the witness' general reputation and veracity is bad. Generally, . . . character may not be impeached by showing specific facts of untruthfulness or bad conduct.
>
> In sex offense cases, however, . . . evidence of prior false accusations is admissible to impeach the complaining witness' credibility or as substantive evidence tending to prove that the instant offense did not occur.

<u>Id.</u> at 323–24, 368 S.E.2d at 265 (citations omitted) (emphasis added).

> Consequently, in a sex crime case, the complaining witness may be cross-examined about prior false accusations, and if the witness denies making the statement, the defense may submit proof of such charges.

<u>Id.</u> at 325, 368 S.E.2d at 266 (citations omitted).

Thompson argues that the foregoing rule authorized cross-examination of the victim concerning her denial to the police and in the presence of her mother that she had engaged in prior intercourse and the falsity of that statement. We disagree.

The suppressed statement was not an accusation. It was a personal denial, induced, no doubt, by embarrassment and fear. In no sense could it be deemed a false accusation. Nor could it be construed as part of a system of false accusations, casting doubt on the victim's accusation against Thompson.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>