# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Melissa Durham

January 14, 2016

Case No. (Criminal) CR15-548

BY JUDGE DAVID W. LANNETTI

Today the Court rules on the Motion To Introduce Prior False Accusations filed by Defendant Melissa Durham, which seeks to allow her to present evidence that the complaining witness in the instant case made a prior false accusation of sexual misconduct. The issues before the Court are whether evidence of a prior false accusation of sexual assault where the current complaining witness was not the prior victim can be introduced: (1) via cross-examination of the complaining witness to impeach the witness's general character for truthfulness; (2) via extrinsic evidence to impeach the complaining witness; and (3) as substantive evidence of the complaining witness's propensity to charge sexual assault falsely. The Court holds that, under the circumstances present here, Durham, to defend against the charge that she sexually assaulted R.S., the complaining witness, may use R.S.'s prior false accusation that her father sexually assaulted her brother: (1) via cross-examination of R.S. to impeach her general character for truthfulness; (2) via extrinsic evidence, but only if R.S. denies the details surrounding the prior false accusation; and (3) as substantive evidence of R.S.'s propensity to charge sexual assault falsely. The Court, therefore, grants in part and denies in part Durham's Motion.

## Background

R.S. is Durham's daughter and the subject of a custody dispute between Durham and R.S.'s father. (Tr. 4.) R.S. accused Durham of sexually abusing her. (*Id.*) As a result, Durham was indicted for aggravated sexual battery based on alleged sexual abuse against R.S. between January 1, 2011, and October 2, 2013, when R.S. was under the age of thirteen, in violation of § 18.2-67.3 of the Code of Virginia. (March 18, 2015, Indictment.) Durham has pleaded not guilty, (June 19, 2015, Order), and claims that R.S. fabricated the allegations. (Tr. 4.) Durham claims, and the Commonwealth concedes, that, prior to R.S.'s current accusations against Durham, R.S. falsely accused her father of sexually abusing her brother. (*Id.* at 3-4.) R.S.'s prior false accusation involved making a report about the alleged abuse to a Norfolk City Police Officer, a report that she subsequently admitted to a Children's Hospital of the King's Daughters ("CHKD") representative was false. (*Id.*)

Durham subsequently filed the Motion, which seeks to admit evidence of R.S.'s prior false accusation both to impeach the credibility of R.S. and as substantive evidence of R.S.'s propensity to charge sexual assault falsely.

In her Motion, Durham moves "to allow [her] to cross-examine [R.S.] about prior false accusations and, if she denies making the statements, to be allowed to submit proof of such false charges as a reasonable probability of falsity exits." (Mot. 2.) At the Hearing, Durham clearly indicated that she desires to use intrinsic and extrinsic evidence of a single prior false accusation by R.S. both for impeachment, even if R.S. admits to the false statement, and as substantive evidence. (Tr. 3.) In light of the parties' desire to clarify the related issues prior to trial, the Court treats the Motion as having been amended orally at the Hearing.

Durham also seeks to introduce extrinsic evidence regarding R.S.'s prior false accusation. The parties were before the Court for a hearing (the "Hearing") on the Motion on December 28, 2015.

## Positions of the Parties

### A. *Durham's Position*

Based on her Motion and as argued during the Hearing, Durham seeks to introduce evidence of R.S.'s prior false accusation and claims that such evidence is critical to Durham's defense. Specifically, Durham wants to use such evidence to impeach R.S.'s general character for truthfulness via both cross-examination and introduction of extrinsic evidence and as substantive evidence of R.S.'s propensity to charge sexual assault falsely.

## B. *The Commonwealth's Position*

The Commonwealth did not file a responsive brief prior to the Hearing. As argued during the Hearing, the Commonwealth concedes that Durham is entitled to cross-examine R.S. about her prior false accusation if she denies making the false accusation. (Tr. 18.) The Commonwealth contends, however, that, at trial, R.S. will admit to the prior false accusation and that Durham, therefore, is not entitled to cross-examine her on the issue. (*Id.*) The Commonwealth also opposes Durham's request to introduce evidence of the prior false accusation extrinsically for impeachment purposes or to use such evidence for any other purpose. (*Id.* at 20.)

### *Legal Standard*

"Relevant evidence may be excluded if: (a) the probative value of the evidence is substantially outweighed by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact; [or] (b) the evidence is needlessly cumulative." Va. R. Evid. 2:403.

"Evidence of a person's character or character trait [generally] is not admissible for the purpose of proving action in conformity therewith on a particular occasion." *Id.* R. 2:404(a). "Where evidence of a person's character trait is admissible . . . proof may be made by testimony as to reputation." *Id.* R. 2:405(a). "Ordinarily, character is attacked by presenting testimony that the witness'[s] general reputation for truth and veracity is bad." *Commonwealth v. Clinebell*, 235 Va. 319, 323, 368 S.E.2d 263, 265 (1988).

"[E]vidence of other crimes, wrongs, or acts is generally not admissible to prove the character trait of a person in order to show that the person acted in conformity therewith." Va. R. Evid. 2:404(b). "In cases in which a character trait of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of conduct of such person on direct or cross-examination." *Id.* R. 2:405(b).

In sexual misconduct cases in Virginia, "general reputation or opinion evidence of the complaining witness's unchaste character or prior sexual conduct shall not be admitted." Va. Code Ann. § 18.2-67.7 (Repl. Vol. 2014). This section of the Code of Virginia sometimes is referred to as Virginia's "Rape Shield Law," *Neeley v. Commonwealth*, 17 Va. App. 349, 353-54, 437 S.E.2d 721, 723-24 (1993), or Virginia's "Rape Shield Statute," *Thompson v. Commonwealth*, 28 Va. App. 543, 545-46, 507 S.E.2d 110, 111-12 (1998). Further, "evidence of specific instances of [the complaining witness's] prior sexual conduct" generally is inadmissible. *Id.* "Prior sexual conduct" is defined as "any sexual conduct on the part of the complaining witness which took place before the conclusion of the trial, excluding the conduct involved in the offense alleged under this article." *Id.* § 18.2-67.10(5).

Despite the general prohibitions, "a complaining witness in a sexual assault case may be cross-examined about prior false accusations of sexual misconduct." Va. R. Evid. 2:608. "A complaining witness'[s] prior accusations are admissible, however, only if a court makes a threshold determination that a reasonable probability of falsity exists." *Clinebell*, 235 Va. at 325, 368 S.E.2d at 266. "[I]f the witness denies making the statement, the defense may submit proof of such charges." *Id.*

## Discussion

The Court has considered Durham's Motion To Introduce Prior False Accusations, oral argument at the Hearing, and applicable authorities. The Court now rules on the issues before it.

The Virginia Court of Appeals has noted the importance of allowing evidence that might affect the credibility of a complaining witness in a sexual assault case.

> "In criminal prosecutions, a man hath a right . . . to call for evidence in his favor." Va. Const., art. I, § 8. "The opportunity to present a complete defense 'would be an empty one if the State were permitted to exclude competent, reliable evidence bearing on . . . credibility . . . when such evidence is central to the defendant's claim of innocence'." *Brown v. Commonwealth*, 22 Va. App. 316, 322, 469 S.E.2d 90, 93 (1996) (citation omitted). "Combined, the rights to compulsory process, confrontation, and due process give the defendant a constitutional right to present evidence." *Id.* at 322, 469 S.E.2d at 93 (citing *Neeley v. Commonwealth*, 17 Va. App. 349, 356, 437 S.E.2d 721, 725 (1993)).

*Brown v. Commonwealth*, 29 Va. App. 199, 212-13, 510 S.E.2d 751, 757-58 (1999) (holding that the trial court in a sexual assault case erred by refusing to allow evidence of prior testimony by the complainant in an unrelated rape prosecution).

The right of a defendant to present evidence must be balanced with the privacy rights of the complaining witness, especially in the context of a sexual assault case. *See Neeley v. Commonwealth*, 17 Va. App. 349, 354, 437 S.E.2d 721, 724 (1993) (noting that the purpose of "rape shield" laws is to "limit harassing and embarrassing defense queries into the prior sexual conduct of the complainants, thereby encouraging victims to report sexual assaults and to testify at trial").

In Virginia, "[e]vidence of a person's character or character trait [generally] is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Va. R. Evid. 2:404(a). The Virginia General Assembly, similar to legislatures in most jurisdictions,

has specifically addressed preclusion of certain evidence in the context of sexual assault cases. "[E]vidence of specific instances of [the complaining witness's] prior sexual conduct" generally is inadmissible, Va. Code § 18.2-67.7, where "[p]rior sexual conduct" is defined as "any sexual conduct on the part of the complaining witness which took place before the conclusion of the trial, excluding the conduct involved in the offense alleged under this article." *Id.* § 18.2-67.10(5).

Here, Durham seeks to introduce evidence of R.S.'s prior false accusation of sexual abuse by her father against her brother. As one commentator aptly noted, "One would be hard-pressed to dispute the high probative value [in a sexual assault case] of evidence that on previous occasions the complainant had made false allegations of [sexual assault]. . . . [I]in most cases the jury has nothing to rely on but the diametrically opposed versions of the event put forth by the complainant and accused." Harriet R. Galvin, *Shielding Rape Victims in the State and Federal Courts: A Proposal for the Second Decade*, 70 Minn. L. Rev. 763, 858, 861 (1986).

The Virginia Supreme Court addressed the issue of prior false accusations of sexual misconduct in *Clinebell v. Commonwealth*. 235 Va. 319, 368 S.E.2d 263 (1988). There, the defendant was charged with five counts of sexual misconduct involving his daughter. *Id.* at 321, 368 S.E.2d at 263. He sought to introduce evidence of certain prior statements made by the daughter, including: to a classmate that she was pregnant; to a classmate that her father and her uncle had raped her; to her cousin that another boy had impregnated her; and that her paternal grandfather had molested her. *See id.* at 321-22, 368 S.E.2d at 264. The defendant argued that introduction of these statements was not to prove that his daughter "has engaged in 'prior sexual conduct' or that she has unchaste character." *Id.* at 322, 368 S.E.2d at 264. Relying on Virginia's "rape shield" law, the trial court excluded the statements. *Id.* The Supreme Court of Virginia reversed, stating: "[The defendant] does not seek to prove that his daughter has engaged in 'prior sexual conduct' or that she has an unchaste character. He seeks to prove for impeachment purposes that his daughter makes false statements concerning sexual behavior. We conclude that such statements are not 'conduct' within the meaning of Code § 18.2-67.7, and, therefore, the section is inapplicable." *Id.* at 322, 368 S.E.2d at 264.

According to the leading Virginia treatise on evidence, "[s]uch prior accusations are admissible, not as an attack on character *per se*, but to impeach the witness's credibility by showing the probability that the current allegations are also fabrications." Charles E. Friend & Kent Sinclair, *The Law of Evidence in Virginia*, § 8-7 & n. 281 (7th ed. 2012) (citing *Clinebell*).

As in *Clinebell*, Durham does not seek to use the prior false accusation to prove that R.S. engaged in "prior sexual conduct" or that she has an unchaste character; rather, she seeks to use it to demonstrate that R.S. is not credible and has a propensity to make false accusations of sexual abuse.

Additionally, here R.S.'s prior false accusation involves alleged abuse by someone other than Durham against someone other than the complainant. Hence, the prior accusation at issue here is not "conduct" within the meaning of § 18.2-67.10(5) of the Code of Virginia. Virginia's Rape Shield Law, therefore, does not apply.

A. *Durham Is Entitled To Cross-Examine R.S. Regarding Her Prior False Accusation To Impeach Her General Character for Truthfulness, Even If She Admits to Her Prior False Statement*

Durham seeks to cross-examine R.S. regarding her prior false accusation of sexual abuse, even if R.S. admits the falsity of her prior statement, to impeach her general character for truthfulness. *Clinebell* directly addresses this general right of cross-examination. "[I]n a sex crime case, the *complaining witness may be cross-examined about prior false accusations*, and if the witness denies making the statement, the defense may submit proof of such charges." *Clinebell*, 235 Va. at 325, 368 S.E.2d at 266 (emphasis added). Of note, such prior false accusations are not limited to accusations by the complainant against the defendant. The prior false accusations in *Clinebell* included accusations against other parties. 235 Va. at 321-22, 368 S.E.2d at 264. Rule 2:608 of the Virginia Rules of Evidence similarly recognizes cross-examination of a complaining witness in a sexual assault case about a prior false accusation as an exception to the general prohibition against prior act evidence. The accompanying note to this rule of evidence makes it clear that the rule is a codification of the holding in *Clinebell*. Va. R. Evid. 2:608 notes, "Except as otherwise provided by other evidentiary principles, statutes, or rules of court, *a complaining witness in a sexual assault case may be cross-examined about prior false accusations of sexual misconduct*." Va. R. Evid. 2:608 (emphasis added).

The Virginia Supreme Court has expressly held, however, that evidence related to such accusations is admissible "only if a court makes a threshold determination that a reasonable probability of falsity exists." *Clinebell*, 235 Va. at 325, 368 S.E.2d at 266. In light of proffers made at the Hearing, including the Commonwealth's concessions that there was no evidence of a prior sexual assault and that R.S. in fact admitted the falsity of the accusation (Tr. 18-19), the Court finds that there is a reasonable probability that R.S.'s prior accusation was false.

Relying on *Clinebell*, the Commonwealth, nevertheless, claims that Durham has no right to cross-examine R.S. regarding her prior false accusation because R.S. will not deny — and in fact will admit — that her prior statement was false. The Court does not read *Clinebell* so narrowly, especially in light of Rule 2:608 of the Virginia Rules of Evidence.

As noted, in *Clinebell*, the court held that "the complaining witness may be cross-examined about prior false accusations, and if the [complaining] witness denies making the [prior false] statement, the defense may submit

proof of such charges." *Id.* The Commonwealth reads the latter half of the sentence, "if the [complaining] witness denies making the [prior false] statement, the defense may submit proof of such charges," as a condition precedent to allowing cross-examination of the complaining witness regarding the prior false statement. (Tr. 18.) By contrast, the Court understands the *Clinebell* holding to indicate that a complaining witness's denial of a prior false accusation triggers an opportunity for the defendant to submit extrinsic evidence; contrary to the Commonwealth's assertion, the denial does not preclude the defendant from cross-examining the complaining witness about the prior false accusation altogether. Stated differently, the defendant's right to introduce extrinsic evidence of the prior false accusation is predicated on two prerequisites: (1) proof of a reasonable probability that the prior accusation is false and (2) the complaining witness's denial of the prior statement. The Court holds that a defendant's right to cross-examine the complaining witness about a prior false accusation is fundamental, regardless of whether the witness denies the prior statement. *See Clinebell*, 235 Va. at 325, 368 S.E.2d at 266 ("At least in the context of prosecutions of sexual offenses, evidentiary constraints must sometimes yield to a defendant's right of cross-examination. Cross-examination is an absolute right guaranteed to a defendant by the confrontation clause of the Sixth Amendment and is fundamental to the truth-finding process." (internal citation omitted)).

Based on *Clinebell*, Rule 2:608 of the Virginia Rules of Evidence, the seriousness of the charges against Durham, and the high probative value of evidence of prior false accusations in sexual assault cases, the Court holds that Durham is entitled to cross-examine R.S. about her prior false accusation, even if she does not deny her previous statement. This, of course, would be subject to the other rules of evidence, including Rule 2:403's limitation on the use of probative evidence when it is unnecessarily cumulative. *Id.* R. 2:403. The Court discusses below the possible introduction during cross-examination of extrinsic evidence related to the prior false accusation.

B. *Durham May Introduce Extrinsic Evidence That R.S. Made a Prior False Accusation Only If R.S. Denies the Prior Statement or the Details Surrounding the Prior Statement*

As discussed, *Clinebell* expressly provides that a defendant may offer extrinsic evidence regarding a complaining witness's prior false accusation if the witness denies making the prior statement. Here, Durham seeks to introduce extrinsic evidence regarding the previous statement even if R.S. admits the prior false accusation. (Tr. 3.) Of course, if R.S. denies the prior false accusation, Durham is certainly allowed to introduce extrinsic evidence regarding the prior statement. *Clinebell*, 235 Va. at 325, 368 S.E.2d at 266. Specifically, Durham seeks to have individuals other than R.S., including the police officer to whom R.S. reported the false accusation

and the CHKD representative to whom R.S. recanted, testify at trial and possibly to introduce a video of R.S. recanting the prior false accusation. (*Id.* 3, 5, 9-10.)

As an initial matter, evidence regarding specific instances of conduct of a witness, when allowed, normally is limited to cross-examination for impeachment purposes; extrinsic evidence related to those acts is not allowed. Va. R. Evid. 2:608(b). This is not because extrinsic evidence of specific acts lacks probative value, but rather because the introduction of such evidence has a tendency to create a sideshow that would distract from the trial. Christopher Bopst, Note, *Rape Shield Laws and Prior False Accusations of Rape: The Need for Meaningful Legislative Reform*, 24 J. Legis. 125, 147 (1998) (pointing out that the exclusion of extrinsic evidence historically was based on its "potential to confuse the central issues of the case and to result in the needless consumption of time" and "the desire to avoid the multiplicity of mini-trials and hearings concerning tangential issues"); *see also Wynne v. Commonwealth*, 216 Va. 355, 356-57, 218 S.E.2d 445 (1975), *superseded on other grounds by statute as stated in Winfield v. Commonwealth*, 225 Va. 211, 301 S.E.2d 15 (1983) ("The reason underpinning this rule is that the admission of evidence of specific acts, and the rebuttal evidence which would follow, injects collateral issues into the case which would divert the jury's attention from the real issue, the guilt or innocence of the accused.").

As mentioned *supra*, the Virginia Supreme Court has addressed the conditions under which extrinsic evidence is admissible in the context of prior false accusations of sexual misconduct. "[I]n a sex crime case, the complaining witness may be cross-examined about prior false accusations, and, *if the witness denies making the statement, the defense may submit proof of such charges.*" *Clinebell*, 235 Va. at 325, 368 S.E.2d at 266 (emphasis added). Virginia's position in this regard actually is more inclusive than alternative approaches adopted by other jurisdictions, which preclude the introduction of extrinsic evidence. *See* Brett Erin Applegate, Comment, *Prior (False?) Accusations: Reforming Rape Shields to Reflect the Dynamics of Sexual Assault*, 17 Lewis & Clark L. Rev. 899, 916-18 (2013). According to one commentator, "there is a substantial divide [between jurisdictions] over whether the evidence may be presented extrinsically, as opposed to solely by means of cross-examination." Jules Epstein, *True Lies: The Constitutional and Evidentiary Bases for Admitting Prior False Accusation Evidence in Sexual Assault Prosecutions*, 24 Quinnipiac L. Rev. 609, 625 (2006) (citing cases).

The wording in *Clinebell* regarding this intrinsic/extrinsic evidentiary dilemma clearly is in the form of an exception: *if* the complaining witness denies the prior false accusation, *then* the defendant may introduce extrinsic evidence to contradict the witness's testimony. The natural corollary is that if the complaining witness does not deny the prior statement, the defendant

is *not* entitled to introduce extrinsic evidence. The Court sees no reason to expand the admissibility of extrinsic evidence in sexual assault cases beyond that addressed by the court in *Clinebell*. Additionally, from a practical perspective, if a complainant admits making a prior false accusation, there arguably is no need to introduce supporting extrinsic evidence, as such evidence would almost certainly be cumulative and would add little, if anything, to the overall body of probative evidence while opening up the opportunity to conduct an unnecessary "trial within a trial." Hence, there is no need for extrinsic evidence of R.S.'s prior false accusation if R.S. admits the falsity of the prior statement. The Court, therefore, holds that Durham is not permitted to introduce extrinsic evidence regarding R.S.'s prior false accusation unless R.S. denies the statement was false.

The Court notes, however, that, despite the Commonwealth's representation that R.S. intends to admit to the prior false accusation, it is possible that she will not admit, or will not recall, certain details surrounding her prior statement during her testimony. Although admission of extrinsic evidence technically requires the complaining witness to first deny the prior false accusation, in response to the witness's failure to recall details a cross-examining attorney, in light of appropriate extrinsic evidence, almost certainly will be able to craft questions the witness will deny, thereby satisfying the denial prerequisite. With respect to those details, Durham is permitted to introduce extrinsic evidence, subject to the Virginia Rules of Evidence.

## C. *Durham May Introduce R.S.'s Prior False Accusation as Substantive Evidence of R.S.'s Propensity To Charge Sexual Assault Falsely*

Durham seeks to introduce R.S.'s prior false accusation — in addition to attacking R.S.'s credibility — as substantive evidence to disprove the offense with which Durham currently is charged. (Tr. at 6.) Stated differently, Durham seeks to use R.S.'s recanted accusation to show R.S.'s propensity to charge sexual assault falsely.

Courts sometimes distort the line of demarcation between impeachment evidence and substantive evidence, especially when truthfulness is an element of the current offense. Impeachment evidence attacks the general credibility of the witness in order to prove the witness's dishonest character and leads the factfinder to conclude that the witness's penchant for dishonesty makes it likely that he or she is probably lying here as well. *See generally* Epstein, *supra*, at 617-22. Substantive evidence, on the other hand, is proof upon which the factfinder can rely to conclude that the actual version of events here differs from that to which the witness is testifying; in other words, because the witness made a prior false accusation under circumstances similar to those present here, the witness's testimony here likely is false as well. *See generally id.*

Read narrowly, *Clinebell* stands solely for the proposition that a sexual assault complainant's prior false accusations can be explored *on cross-examination* if there is sufficient evidence of falsity and the complainant denies the prior statements. 235 Va. at 325, 368 S.E.2d at 266 (emphasis added). A closer examination of the case, however, reveals the court's apparent allowance of prior false accusations as substantive evidence.

In support of its primary holding regarding cross-examination of the complaining witness, the Virginia Supreme Court cites multiple non-Virginia cases for the proposition that "a majority of jurisdictions that have considered the issue hold that evidence of prior false accusations is admissible to impeach the complaining witness'[s] credibility *or* as substantive evidence tending to prove that the instant offense did not occur." *Id.* at 324, 368 S.E.2d at 265 (emphasis added). It is not clear whether the court's citation to these cases is to support use of prior false accusations for impeachment evidence only or for substantive evidence as well.

The *Clinebell* court's discussion of the factual background of the case and its stated understanding of the defendant's intended use of the prior false accusations appear to support using such statements as both impeachment evidence *and* substantive evidence tending to prove that the instant offense did not occur. According to the court:

> The purpose of introducing the [prior false accusations] was to attack the daughter's credibility. According to [the defendant], the statements would be *evidence from which the jury could infer that the daughter was fantasizing about sexual matters, including the [current] claims against her father*. If the jury believed this to be the case, the daughter would be impeached.

*Id.* at 322, 368 S.E.2d at 264 (emphasis added). Although the court appears to characterize the evidentiary value of the prior false accusations as impeachment evidence, use of the statements to disprove the current charge before the court actually is substantive evidence. The court carries this mixed use of impeachment evidence and substantive evidence through the case, noting that "[the defendant] seeks to prove for impeachment purposes that [the complaining witness] *makes false statements concerning sexual behavior*" and opining that, "[h]ad the jury been informed of [the complaining witness's] prior [false] statements, we believe it properly could have inferred that *the [defendant's] alleged sexual acts with the [complaining witness] were also fabrications*." *Id.* at 322, 325, 368 S.E.2d at 264, 266 (emphasis added). The latter quote demonstrates just how blurred the line between impeachment evidence and substantive evidence can be; the referenced jury inference could be based on the jury's perception that the complaining witness is either (1) generally dishonest and is probably lying here or (2) has made false accusations of sexual assault previously under circumstances similar to those present here and, therefore, likely is

making a false accusation here as well. In short, the court's characterization of the use of the prior false accusations appears to go beyond proving the general dishonesty of the complaining witness; in other words, use of the prior false accusations goes beyond impeachment evidence.

It also is noteworthy that, in a subsequent case, the Virginia Court of Appeals deleted the *Clinebell* court's reference to "a majority of [other] jurisdictions" when referring to the use of prior false accusations for both impeachment and substantive evidence, arguably converting what appears to be dictum in *Clinebell* into a holding. According to the Court of Appeals, "In sex offense cases, however . . . evidence of prior *false accusations* is admissible to impeach the complaining witness'[s] credibility or as substantive evidence tending to prove that the instant offense did not occur." *Thompson v. Commonwealth*, 28 Va. App. 543, 547, 507 S.E.2d 110, 112 (1998) (quoting *Clinebell*, 235 Va. at 323-24, 368 S.E.2d at 265).

Although another Virginia Court of Appeals case initially appears to contradict the interpretation that prior false accusations can be used as substantive evidence, it is distinguishable upon closer examination. In *Cairns v. Commonwealth*, the defendant sought to introduce for possible impeachment of the complaining witness the witness's journals, in which she "documented dozens of sexual encounters with numerous partners, listed all [of her] partners, and kept a tally of her sexual activities." 40 Va. App. 271, 280, 579 S.E.2d 340, 344 (2003). The journals did not mention the alleged sexual abuse by the defendant, despite the complaining witness's "statements to the police that she kept a detailed [written] account of [the defendant's] abuse." *Id.* at 286, 579 S.E.2d at 347. The trial court granted the Commonwealth's motion to exclude the journals. *Id.* at 280, 579 S.E.2d at 344. The Court of Appeals held that, "[u]nder these circumstances, it was error to exclude the journals because *while not admissible on the merits,* they were proper impeachment." *Id.* at 286, 579 S.E.2d at 347 (emphasis added). Regarding use of the journals for substantive evidence, the court held that "any use of the journals as evidence on the merits was properly excluded under the rape shield statute." *Id.* at 282, n. 5, 579 S.E.2d at 345. Hence, the exclusion of the journals as substantive evidence was because admission was expressly precluded by statute. As discussed *supra*, Virginia's Rape Shield Law is not implicated under the facts present here, as the prior false accusation did not involve the complaining witness or her "prior sexual conduct."

In light of the above, the Court finds that the Virginia Supreme Court likely would hold that prior false accusations in sexual assault cases can be used for both impeachment evidence *and* substantive evidence. Although Rule 2:608(e) of the Virginia Rules of Evidence appears to limit prior false accusations to cross-examination of the complainant, the rule, titled "Impeachment by Evidence of Reputation for Truthtelling and Conduct of Witness," is, by design, only intended to address impeachment evidence.

Va. R. Evid. 2:608(e). The Court, therefore, holds that, subject to the other rules of evidence, R.S.'s prior false accusation can be used in addition to impeaching her general character for truthfulness to show her propensity to charge sexual assault falsely.

## Conclusion

The Court finds based on the facts and circumstances present in this case that Durham is permitted, in order to defend against the charge that she sexually assaulted R.S., to: (1) use R.S.'s prior false accusation to cross-examine R.S. to impeach her general character for truthfulness, even if she admits her prior false statement; (2) introduce extrinsic evidence related to R.S.'s prior false accusation, but only if R.S. denies her prior false accusation; and (3) introduce R.S.'s prior false accusation as substantive evidence of R.S.'s propensity to charge sexual assault falsely. Durham is not, however, permitted to use extrinsic evidence related to R.S.'s prior false accusation if R.S. admits the falsity of her prior statement, including the details surrounding that prior statement.

For the foregoing reasons, the Court grants in part and denies in part Durham's Motion To Introduce Prior False Accusations.